AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>William Robert Norwood III<br>(AKA: Robby Norwood, Robbie Norwood)<br><br>*Defendant* | )<br>)  Case No.<br>)<br>)<br>)<br>) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* **William Robert Norwood III**,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☒ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) and (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
40 U.S.C. § 5104(e)(2)(D), (G) - Violent Entry and Disorderly Conduct on Capitol Grounds;
18 U.S.C. §§ 1512(c)(2) and 2 - Obstruction of Justice/Congress;
18 U.S.C. § 641 - Theft of Government Property.

Date: 02/25/2021

*Issuing officer's signature*
Digitally signed by G. Michael Harvey
Date: 2021.02.25 20:54:37 -05'00'

G. MICHAEL HARVEY, U.S. MAGISTRATE JUDGE
*Printed name and title*

City and state: Washington, D.C.

### Return

This warrant was received on *(date)* 02/25/2021, and the person was arrested on *(date)* 02/25/2021
at *(city and state)* Greer, South Carolina.

Date: 02/26/2021

*Arresting officer's signature*

TANYA EVANINA - SPECIAL AGENT FBI
*Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) |
| William Robert Norwood III | ) Case No. |
| (AKA: Robby Norwood, Robbie Norwood) | ) |
| DOB: XX/XX/XXXX | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 6, 2021__ in the county of _____ in the _____ in the District of __Columbia__, the defendant(s) violated:

*Code Section* — *Offense Description*

18 U.S.C. § 1752(a)(1) and (2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority,
40 U.S.C. § 5104(e)(2)(D), (G) - Violent Entry and Disorderly Conduct on Capitol Grounds,
18 U.S.C. §§ 1512(c)(2) and 2 - Obstruction of Justice/Congress,
18 U.S.C. § 641 - Theft of Government Property.

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

*Complainant's signature*

Tyler N. Freeman, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: __02/25/2021__

*Judge's signature*

City and state: __Washington, D.C.__   G. MICHAEL HARVEY, U.S. MAGISTRATE JUDGE
*Printed name and title*

## STATEMENT OF FACTS

Your affiant, Tyler N. Freeman, is a Special Agent with the Federal Bureau of Investigation (FBI), Washington Field Office. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of violations of Federal criminal laws.

U.S. Capitol Police secure the U.S. Capitol 24 hours a day. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage that appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations

of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

Following the January 6, 2021 attack on the Capitol, your affiant received and reviewed a large volume of tips submitted by members of the public. On January 16, 2021, your affiant received a tip from J.D. claiming that his/her relative, T.D., had received text messages from T.D.'s brother—later identified as William Robert NORWOOD III (NORWOOD)—in which NORWOOD claimed to have assaulted federal officers on January 6, 2021. Your affiant then directed FBI special agents in South Carolina to interview J.D.

On January 19, 2021, FBI special agents interviewed J.D., who informed the agents that J.D. was at dinner with T.D. when T.D. began sharing how T.D.'s brother had claimed to do "terrible things" inside the U.S. Capitol, including assaulting law enforcement officers.

Later that day, FBI special agents conducted a follow-up interview with T.D. T.D. provided a telephone number for NORWOOD: 864-237-4868. T.D. also presented the interviewing agents with multiple text messages, which the agents then photographed and provided to your affiant for review.

  

*Photo 1*     *Photo 2*     *Photo 3*

As depicted in these text messages, on January 7, 2021 at 9:08 a.m., NORWOOD—saved as "Robbie" in T.D.'s phone—tells a group text message thread: "It worked... I got away with things that others were shot or arrested for." (*Photo 2*). Later, at approximately 9:12 a.m., NORWOOD tells the group: "The cop shot a female Trump supporter. Then allowed 'ANTIFA Trump supporters' to assault him. I was one of them. I was there. I took his shit." (*Photo 3*). NORWOOD then sends a "selfie" photo of himself wearing what appears to be a U.S. Capitol Police tactical vest underneath a zipped up camouflage jacket. (*Photo 3*).

Later on in the text message thread, NORWOOD tells the group: "I fought 4 cops, they did nothing. When I put my red hat on, they pepper balled me." (*Photos 4 & 5*). A couple messages

later, NORWOOD tells the group, "I got a nice helmet and body armor off a cop for God's sake and I disarmed him. Tell me how that works." (*Photo 6*).

  

*Photo 4*                    *Photo 5*                    *Photo 6*

In the text thread, T.D., whose text messages appear in blue, attempts to reprimand NORWOOD for his conduct, stating "You admitted to going and being something you're accusing other people of being. And then got mad and blamed others for the same thing you did. What the actual fuck is wrong with you?" (*Photo 8*). Eventually, NORWOOD responds, "The one cop who deserved it, got it," and "The cops who acted shitty got exactly what they deserved . . . The ones who were cool, got help." (*Photo 9*).

  

*Photo 7*                    *Photo 8*                    *Photo 9*

Based on your affiant's training and experience, the image of the vest worn by NORWOOD in Photos 3 and 4 is consistent with the vests worn by U.S. Capitol Police on January 6, 2021.

3

On January 22, 2021, NORWOOD agreed to participate in a non-custodial interview at the FBI's Greenville Resident Agency. During the interview, NORWOOD told agents that he traveled with his wife to Washington, D.C. on January 6, 2021, to attend President Trump's rally. NORWOOD stated that as he approached the Capitol, he witnessed law enforcement attempting to clear the crowd with explosive and chemical devices. NORWOOD said that he then continued into the crowd and eventually became separated from his wife. NORWOOD also claimed that, at one point, he was close enough to law enforcement to be sprayed in the face with a chemical irritant.

NORWOOD then admitted to entering the U.S. Capitol, including, at one point, the Capitol Rotunda. NORWOOD claimed that two U.S. Capitol Police Officers were waving people inside, and that one of the Capitol Police officers told him, "I'm on your side." NORWOOD further claimed that after entering the U.S. Capitol building, he wanted to leave but could not because of the crowd. At different points in the interview, NORWOOD claimed to have helped protect multiple officers from being assaulted, including by forming a human chain to protect certain officers.

NORWOOD alleged that after leaving the U.S. Capitol building, an unknown person took a police vest from a pile of police equipment that was lying on the ground outside the west side of the Capitol building and put it on NORWOOD. NORWOOD then admitted that he put on a police helmet from the pile of equipment before walking away from the Capitol and reuniting with his wife. NORWOOD's description of how he acquired the vest and helmet is consistent with U.S. Capitol Police officers' accounts of how their equipment was stolen by rioters on January 6, 2021.

Finally, NORWOOD claimed that upon leaving the Capitol grounds, he and his wife met an older couple from Ohio, who invited them to stay in their hotel room at the Hampton Inn for the night. NORWOOD claimed that he left the police vest and helmet inside the hotel room, but he could not provide interviewing agents with any further details about the hotel. NORWOOD also denied assaulting law enforcement officers, and claimed that any statements he made in text messages were meant to make NORWOOD sound tough. NORWOOD repeatedly claimed that he only attempted to help law enforcement, not hurt them.

After the interview, NORWOOD provided the interviewing agents with a photo of himself taken during the political rally at the Ellipse, near the Washington Monument. In the photo, NORWOOD is wearing a camouflage jacket, similar to the one that is partially visible in Photos 3 and 4.



*Photo 10*

On February 25, 2021, your affiant reviewed surveillance footage of an individual resembling NORWOOD inside the Rotunda of the U.S. Capitol building at approximately 2:46 p.m. EST. The individual appears to be wearing the same camouflage jacket and red hat that NORWOOD is seen wearing in Photo 10.





5

Your affiant has also reviewed surveillance footage of an individual exiting the Capitol Rotunda at approximately 2:48 p.m. EST that resembles NORWOOD. Again, the individual appears to be wearing the same camouflage jacket and red hat as NORWOOD is seen wearing in Photo 10.



 

One of the FBI agents who personally interviewed NORWOOD on January 22, 2021 has also reviewed the surveillance footage and has confirmed to your affiant that the individual in the surveillance footage appears to be NORWOOD.

Finally, according to records obtained through a search warrant which was served on Verizon, on January 6, 2021, in and around the time of the incident, the cellphone associated with the phone number 864-237-4868 was identified as having utilized a cell site consistent with providing service to a geographic area that includes the interior of the U.S. Capitol building.

Based on the foregoing, your affiant submits that there is probable cause to believe that WILLIAM ROBERT NORWOOD III violated 18 U.S.C. §§ 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of

6

Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (4) knowingly engage in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

      Your affiant submits there is also probable cause to believe that WILLIAM ROBERT NORWOOD III violated 40 U.S.C. §§ 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

      Your affiant submits there is also probable cause to believe that WILLIAM ROBERT NORWOOD III violated 18 U.S.C. §§ 1512(c)(2) and (2), which makes it a crime to obstruct, influence, or impede any official proceeding, or attempt to do so.  Under 18 U.S.C. § 1515, congressional proceedings are official proceedings.

      Finally, your affiant submits there is probable cause to believe that WILLIAM ROBERT NORWOOD III violated 18 U.S.C. § 641, which makes it a crime for a person to embezzle, steal, purloin, or knowingly convert to his use or the use of another, or without authority, sell, convey or dispose of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or receive, conceal, or retain the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted.

*[signature]*

Tyler N. Freeman
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 25th day of February, 2021.

G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| **WILLIAM ROBERT NORWOOD III,** | : | 18 U.S.C. § 1752(a)(1), (2) |
| | : | (Restricted Building or Grounds) |
| Defendant. | : | |
| | : | 40 U.S.C. § 5104(e)(2)(D), (G) |
| | : | (Violent Entry or Disorderly Conduct) |
| : | | |
| | : | 18 U.S.C. §§ 1512(c)(2) and (2) |
| | : | (Obstruction of Justice/Congress) |
| | : | |
| | : | 18 U.S.C. § 641 |
| | : | (Theft of Government Property) |

**ORDER**

This matter having come before the Court pursuant to the application of the United States to seal criminal complaint, the Court finds that, because of such reasonable grounds to believe the disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation, the United States has established that a compelling governmental interest exists to justify the requested sealing.

1. IT IS THEREFORE ORDERED that the application is hereby GRANTED, and that the affidavit in support of criminal complaint and other related materials, the instant application to seal, and this Order are sealed until the arrest warrant is executed.

1

2.      IT IS FURTHER ORDERED that the Clerk's office shall delay any entry on the public docket of the arrest warrant until it is executed.

Date:  February 25, 2021

                                                    G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

DISTRICT OF SOUTH CAROLINA

EXHIBIT AND WITNESS LIST

USA

v.

William Robert Norwood, III

Case Number: 6:21cr58

| Presiding Judge | Plaintiff's Attorney | Defendant's Attorney |
|---|---|---|
| Kevin F. McDonald | Max Cauthen, AUSA | Ben Stepp, FPD |
| Hearing Date(s) | Court Reporter | Courtroom Deputy |
| March 2, 2021 | Teresa Johnson | Amanda Williams |

| Plf No. | Def. No. | Date Offered | Marked | Admitted | Description of Exhibits and Witnesses |
|---|---|---|---|---|---|
| | | | | | G Witness - Special Agent Tanya Evania |
| 1 | | 3/2/21 | ✓ | ✓ | Gov 1 - Photograph |
| 2 | | 3/2/21 | ✓ | ✓ | Gov 2 - Photograph |
| | | | | | D Witness - Traci Dubois |
| | | | | | D Witness - Angela Norwood |
| | | | | | D Witness - William Robert Norwood III |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _1_

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

United States of America )
)
) CASE NUMBER:6:21cr58
VS. )
) **ORDER**
William Robert Norwood, III )
)

The Clerk of Court is hereby authorized to return all exhibits to the parties introducing them.

**IT IS FURTHER ORDERED** that the parties are to maintain the exhibits intact as returned until the time of filing an appeal has expired.

**IT IS SO ORDERED.**

s/Kevin F. McDonald
**UNITED STATES DISTRICT JUDGE**

Dated: March 2, 2021
Greenville, South Carolina

---

Receipt is hereby acknowledged of the designated exhibits introduced in evidence in the above-captioned case by the Plaintiff(s)/Defendant(s).

Attorney(s) _____

_____

_____

_____

_____

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. **6:21cr58** |
| William Robert Norwood III ) | |
| _Defendant_ ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** _(previous violator)_: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
       (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; _and_
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
     to Federal jurisdiction had existed; _and_
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; _and_
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
    - ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    - ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
    - ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
    - ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    - ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

- ❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    - ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    - ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ❏ Prior criminal history
- ❏ Participation in criminal activity while on probation, parole, or supervision
- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

The goverment has presented evidence that the defendant admitted entering the US Capitol on January 6, 2021 as part of an unauthorized mob while Congress was in session. Video and photographs were obtained that appear to show that the defendant was moving about freely within the Capitol, including in a hallway near the office of the Speaker of the House. After returning to South Carolina, the defendant was contacted by the FBI and asked to voluntarily come in for an interview. At the interview, the defendant stated that he had been pushed into the Capitol by the crowd, and that he immediately tried to find an exit to leave. He further stated that upon leaving the building, someone placed a US Capitol Police tactical vest on him, and that he found a police helmet. He told interviewing agents that he abandoned the vest and helmet in a Virginia hotel room before returning to South Carolina. The defendant was not arrested and left the interview. Approximately three weeks later, the FBI received a tip that the defendant had lied duiring the FBI interview, and that he still had possession of the tactical vest and helmet. The FBI also recovered text messages from the defendant to his mother, father, and sister that he had entered the US Capitol, stating "it worked... I got away with things that others were shot or arrested for"; "The cop shot a female Trump supporter, then allowed 'ANTIFA Trump supporters' to assault him. I was one of them. I was there. I took his shit"; "I fought 4 cops, they did nothing. When I put my red hat on, they pepper balled me"; "I got a nice helmet and body armor off a cop for God's sake and I disarmed him"; "The one cop who deserved it, got it"; and "The cops who acted shitty got exactly what they deserved ... The ones who were cool, got help". Agents conducted a search of the defendant's camper and located a tactical vest and helmet that appear to be the property of the US Capitol Police. At the detention hearing, the defendant took the stand and testified that his texts were only meant to provoke his sister, who does not share his political ideology. The undersigned finds that detention is justified due to: (1) the defendant's testimony regarding his presence and activities in the Capitol is not credible; (2) the defendant was untruthful to the FBI; and (3) his texts describing his involvement.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        03/02/2021

Kevin F. McDonald
United States Magistrate Judge

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. _____ |
|  | ) |
| _____ | ) Charging District's |
| *Defendant* | ) Case No. _____ |

**COMMITMENT TO ANOTHER DISTRICT**

The defendant has been ordered to appear in the _____ District of _____,
*(if applicable)* _____ division.  The defendant may need an interpreter for this language:
_____ .

The defendant:   ❏  will retain an attorney.

❏  is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:**  The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: _____                                                                 s/Kevin F. McDonald
                                                                                                          United States Magistrate Judge

CLOSED

# U.S. District Court
## District of South Carolina (Greenville)
## CRIMINAL DOCKET FOR CASE #: 6:21-cr-00058-JDA All Defendants

| | |
|---|---|
| Case title: USA v. NORWOOD | Date Filed: 02/26/2021 |
| Other court case number: 1:21-mj-00266 DC | Date Terminated: 03/03/2021 |

Assigned to: Magistrate Judge Jacquelyn D Austin

### Defendant (1)

**William Robert Norwood, III**      represented by     **Benjamin Thomas Stepp**
*TERMINATED: 03/03/2021*      Federal Public Defender's Office (Gvle)
also known as      Two Liberty Square
Robby Norwood      75 Beattie Place
*TERMINATED: 03/03/2021*      Suite 950
also known as      Greenville, SC 29601
Robbie Norwood      864-235-8714
*TERMINATED: 03/03/2021*      Fax: 864-233-0188
    Email: benjamin_stepp@fd.org
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*
    *Designation: Public Defender or Community Defender Appointment*

**Pending Counts**             **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**             **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**             **Disposition**
18 U.S.C. § 1752(a)(1) and (2) -
Knowingly Entering or Remaining in any
Restricted Building or Grounds Without
Lawful Authority, 40 U.S.C. § 5104(e)

(2)(D), (G) - Violent Entry and Disorderly Conduct on Capitol Grounds, 18 U.S.C. §§ 1512(c)(2) and 2 - obstruction of Justice/Congress, 18 U.S.C. § 641 - Theft of Government Property.

**Plaintiff**

| **USA** | represented by | **Elliott Bishop Daniels** |

US Attorneys Office (Cola)
1441 Main Street
Suite 500
Columbia, SC 29201
803-929-3035
Email: Elliott.Daniels@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/03/2021 | 16 | **COMMITMENT TO ANOTHER DISTRICT as to William Robert Norwood, III. Defendant committed to the District of Columbia. Entered by Magistrate Judge Kevin McDonald on 3/3/21.(awil, )** (Entered: 03/03/2021) |
| 03/02/2021 | 15 | **ORDER OF DETENTION as to William Robert Norwood, III. Signed by Magistrate Judge Kevin McDonald on 3/2/21.(awil, )** (Entered: 03/02/2021) |
| 03/02/2021 | 14 | CJA 23 Financial Affidavit (Restricted Access) by William Robert Norwood, III (mpridmore-USPO, ) (Entered: 03/02/2021) |
| 03/02/2021 | 13 | **ORDER RETURNING EXHIBITS as to William Robert Norwood, III. Signed by Magistrate Judge Kevin McDonald on 3/2/21.(awil, )** (Entered: 03/02/2021) |
| 03/02/2021 | 12 | EXHIBIT AND WITNESS LIST (awil, ) (Entered: 03/02/2021) |
| 03/02/2021 | 11 | ORAL WAIVER of Preliminary Hearing by William Robert Norwood, III (awil, ) (Entered: 03/02/2021) |
| 03/02/2021 | 10 | **Minute Entry for proceedings held before Magistrate Judge Kevin McDonald: Preliminary Hearing as to William Robert Norwood, III held on 3/2/2021. Defendant present in custody with counsel. ORAL ORDER to unseal complaint documents with personal identifiers redacted. Defendant waived preliminary hearing. Detention Hearing as to William Robert Norwood, III held on 3/2/2021. Testimony and exhibits admitted. Court orders detention. Order forthcoming. Court Reporter Teresa Johnson. (awil, )** (Entered: 03/02/2021) |
| 03/02/2021 | 9 | **ORAL Order to Unseal Complaint documents with personal identifiers redacted as to William Robert Norwood, III on motion by the government. Entered by Magistrate Judge Kevin McDonald on 3/2/21.(awil, )** (Entered: 03/02/2021) |

| | | |
|---|---|---|
| 02/26/2021 | 7 | **TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER Benjamin Thomas Stepp for William Robert Norwood, III. Signed by Magistrate Judge Jacquelyn D Austin on 2/26/21.(jtho, )** (Entered: 02/26/2021) |
| 02/26/2021 | 6 | NOTICE OF HEARING as to William Robert Norwood, III:Preliminary and Detention Hearings set for 3/2/2021 10:00 AM in Greenville #3, Clement F Haynsworth Fed Bldg, 300 E Washington St, Greenville before Magistrate Judge Kevin McDonald. (jtho, ) (Entered: 02/26/2021) |
| 02/26/2021 | 5 | **Minute Entry for proceedings held before Magistrate Judge Jacquelyn D Austin: Initial Appearance in Rule 5(c)(3) Proceedings as to William Robert Norwood, III held on 2/26/2021 (DC case 1:21-mj-00266). The defendant is present in custody with AFPD Lora Blanchard. The defendant waives reading of charges and AUSA Maxwell Cauthen reads penalties on the record. The defendant requests preliminary hearing. Oral Rule 5(f) Order. The District of Columbia consents to an unsecured bond, but the District of South Carolina requests detention. The complaint remains under seal. FPD appointed. Court Reporter Court Smart 1 Ashley Buckingham. (jtho, ) (Entered: 02/26/2021)** |
| 02/26/2021 | 4 | NOTICE OF HEARING as to William Robert Norwood, III: Rule 5/Initial Appearance set for 2/26/2021 11:00 AM in Greenville #1, Clement F Haynsworth Fed Bldg, 300 E Washington St, Greenville before Magistrate Judge Jacquelyn D Austin. (jtho, ) (Entered: 02/26/2021) |
| 02/26/2021 | 1 | Rule 5c3 Documents Received as to William Robert Norwood, III (Attachments: # 1 Affidavit, # 2 Order to Seal)(awil, ) (Entered: 02/26/2021) |
| 02/25/2021 | 3 | Arrest (Rule 5c3) of William Robert Norwood, III (awil, ) (Entered: 02/26/2021) |