UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-233-(EGS) |
| | : | |
| WILLIAM NORWOOD | : | |
| | : | |
| _____: | | |

**DEFENDANT'S MOTION TO RECONSIDER DETENTION**

William Norwood, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3145, respectfully requests this Honourable Court review the order of detention imposed by the Hon Kevin MacDonald, U.S. Magistrate Judge for the District of South Carolina, on or about 2 March, 2021, and release him on personal recognizance. In support of this request, Mr Norwood states the following:

Mr Norwood is before the court charged with one count each of: Obstruction of an Official Proceeding in violation of 18 U.S.C. §1512(c)(2); Theft of Government Property in violation of 18 U.S.C. §641; and Entering and Remaining in Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. §1752 (a)(2); Entering and Remaining in Certain Rooms in the Capitol Building in violation of 40 U.S.C. §5104(e)(2)(C); Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building in violation of  40 U.S.C. §5104(e)(2)(G). A status hearing is set for 20 April, 2021.

Mr Norwood was arrested on 25 February 2021, and subsequently presented in the District Court for South Carolina. Mr Norwood was represented by local counsel, and a detention hearing was held. Pursuant to that hearing Mr Norwood was ordered detained. Mr

Norwood has subsequently been indicted, and is to be arraigned assumedly at the next hearing set. That hearing will be undersigned counsel's first appearance before any court on Mr Norwood's behalf.  This motion thus represents Mr Norwood's first written pleading concerning his detention by undersigned counsel.

Mr Norwood asserts the government has not satisfied the requirements contemplated by 18 U.S.C. §3142, and as such should be released on his personal recognizance in this matter.

**ARGUMENT**

The Bail Reform Act requires the courts to release defendants pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required or… the safety of any other person or the community." 18 U.S.C. §§3142(b), 3142(f)(2)(B). The, "the default position of the law… is that a defendant should be released pending trial." *United States v. Taylor,* 289 F. Sipp. 3d 55, 62 (D.D.C. 2018)(quoting *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010)). Upon Imposition of a condition, or combination or conditions, the court must select the "least restrictive" conditions. 18 U.S.C. §3142 (c)(1)(B).

The pretrial detention question, pursuant to 18 U.S.C. § 3142 (g), itemizes four factors to be considered by the court: (1) the nature and circumstances of the offense charged, (2) the weight of evidence against the defendant, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. Mr Norwood addresses these individually.

1. <u>Nature and Circumstances of the Charged Offenses.</u>

Mr Norwood concedes that the type of offences alleged here, in and of themselves, may trigger the rebuttable presumption for detention purely based on the statutory penalties

involved. However, it is axiomatic that the detention statute does not contemplate detention based purely on the nature of charge alone: were that the case, there would be no need for any other consideration once this singular concern has been met. Indeed, the very question contemplates the nature *and circumstances,* and an inquiry into circumstances here leads to the conclusion of release. Mr Norwood also points out to the court that he, like any other defendant, irrespective of having been indicted, is presumed innocent. To hold him purely on the basis of the nature of the charge would seriously undermine his presumption of innocence. The Court must go further and assess the nature of the charge in light of the other concerns.

Mr Norwood brings to the Court's notice that unlike the majority of defendants charged before these courts related to the events of 6 January, he has no co-defendants. He is not accused of being involved in the planning of, the operations of, or involvement in any ongoing conspiracy. He is not accused of aiding and abetting with any other of the accused. He is here purely on the basis of his own actions. The nature of him being a single defendant removes from the equation the issue so concerning to other courts evaluating pretrial release in these matters: That of defendants continuing on with the conspiratorial actions. That does not exist here, and the Court can focus directly on Mr Norwood and his charges.

Of great note in considering the nature of the charges here is the lack of either assaultive behaviour, or destructive actions alleged. There is one count alleging theft of government property, but the other six counts reflect a general theme of solely being present in a place rather than being accused of more dangerous destructive or assaultive. As discussed above, this relates to the lack of any nexus to the more violent actions of others and his own conduct. When addressing the concept of dangerousness to the community as the case goes forward, it cannot be escaped that William Norwood is not charged with dangerous conduct during the events of 6 January.

2.   <u>Weight of Evidence.</u>

In determining whether conditions of release can ensure the safety of others, "[t]he weight of the evidence is the least important of the factors and the bail statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986)); *accord United States v. Jones*, 566 F. Supp. 2d 288, 292 (D.NY 2008). The weight of the evidence against the accused is another factor to be considered at the detention hearing, *United States v. Apker*, 964 F.2d 742 (8th Cir. 1992), but it is the least significant factor, *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990). In the words of one district court judge, to presume risk of flight from strong "evidence" of guilt would be "tantamount to a presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987).

The relevant evidence thus far amounts to items found in a trailer supposedly belonging to Mr Norwood, as well as various photographs/images captured from the Capitol building. With respect to the photos, they appear to show a mere presence on the site and do not provide any indication of more nefarious actions. With respect to the items found in the trailer, it is still very much at issue as to the exercise of dominion and control over those items found. Mr Norwood submits that weight of evidence factor with respect to the issue of pre-trial detention is so weak here as to render it insignificant.

3.   <u>Defendant's History and Characteristics.</u>

"[A] defendant's past conduct is important evidence—perhaps the most important—in predicting his probable future conduct." *Pope v. United States*, 739 A.2d 819, 827 (D.C.App. 1999) (quoting *Cruz-Foster v. Foster*, 597 A.2d 927, 930 (D.C.1991)). William Norwood has no criminal history whatsoever. There is nothing in Mr Norwood's background and characteristics which form the basis of a legitimate argument for risk of flight nor dangerousness. Moreover, his actions during the investigative period of this matter shine great

light on his compliance and willingness to aid the government in their investigations. Mr Norwood was asked to talk with the FBI: he did so voluntarily. In fact his interview was recorded at almost two hours in length. He consented to the search of his personal effects. He made no attempt to destroy or delete and files from his personal electronic devices or social media in general. In fact, at every step of the process William Norwood has been more than cooperative with law enforcement. We submit this is a person at the opposite end of the spectrum when considering the safety of the community.

4. <u>The nature and seriousness of the danger to any person or the community.</u>

The Government bears the ultimate burden of establishing that no series of conditions is sufficient to negate the risk of the accused's flight or dangerousness—by a preponderance of the evidence in the case of flight and by clear and convincing evidence in the case of dangerousness. *United States v. English,* 929 F.3d 311, 319 (2d Cir. 2011); *see also Stone*, 608 F.3d at 946; *United States v. Bell*, 209 F. Supp. 3d 275, 277 (D.D.C. 2016) (*citing, United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987)); *United States v. Rodriguez*, 147 F. Supp. 3d 1278, 1286 (D. N.Mex. 2015); *United States v. Guerra-Hernandez*, 88 F. Supp. 3d 25, 26 (D.P.R. 2015). Clear and convincing evidence means proof that the defendant actually poses a danger to the community, not that a defendant "in theory" poses a danger. *United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1991). Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. *Ploof*, 851 F.2d 7. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).

As discussed above, Mr Norwood has no criminal history and, as will be outlined below, enjoys significant ties to his community. Any argument that the fourth §3142 factor for consideration, danger to the community, would form a basis for the detention of Mr Norwood

then merely repeats the initial assertion that it is the nature of the allegations here that presents to the court a continuing risk of danger to persons and the community, but as noted above, Mr Norwood is not charged with crimes of a dangerous violent nature. As we've seen, the evidence against him may indicate his presence in the vicinity of the events of 6 January, but shows a remarkable absence of any dangerous, violent, or destructive behaviour in the events that took place that day. Troubling as those events may be, the Court is presented with an individual who appears on the evidence thus far occupying not just a peripheral position, but one almost of bystander. This obviates the contention that Mr Norwood presents as a continuing danger to the community, does not rise to the level of concern contemplated by the statute, and the court should decline to find a reasonable basis for detention.

    Mr Norwood's ties to his community and his personal background also undermine any argument that he is a continued danger to anyone in any community. In fact, Mr Norwood has possibly the most extensive ties to a community experienced by counsel in some time. He has lived in and about the Greenville County, SC area all his life, in fact his family goes back generations. He is currently married, and has a little girl. He enjoys the support of a close nuclear family: His father William Norwood Jr, his mother Angie Norwood, and sister Traci. Mr Norwood enjoys solid legitimate employment. He has worked full-time at Sitel, an inbound call center. He has worked for USAA Insurance in bill collections handling debit and credit card information. He has also worked part-time for Consolidated Banking Inc., repairing and servicing ATM machines handling large sums of cash. He also operates his own business providing entertainment services for weddings and other public functions.  The fact that he has been regarded as an individual of trust in positions relating to the financial and personal information of others, not to mention large sums of cash others speaks volumes both to his trustworthiness and reputation in his community. All this leads inexorably to the inescapable

conclusion that William Norwood is an upstanding, well-respected person in his community and far from a continued danger to the public.

### CONDITIONS OR COMBINATION OF CONDITIONS THAT WOULD ENSURE THE DEFENDANT'S COMPLIANCE WITH COURT-ORDERED RELEASE CONDITIONS.

The law is very clear. The presumption here is that the defendant will be released pending trial unless the government can prove by clear and convincing evidence that pretrial detention is the *only* means by which the community's safety can be assured, 18 U.S.C. § 3142(f)(2)(B); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996), or can prove by a preponderance of the evidence that no conditions of release can assure the defendant's appearance at future court hearings. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988); *United States v. Hassanshahi*, 989 F. Supp. 2d 110 (D.D.C. 2013). Even if the Court determines that personal recognizance or an unsecured bond will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. §3142(c) still mandates release ("shall order the pretrial release") subject to certain specified conditions. The conditions, which must include that the person shall not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. *See United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990)*; United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986). It requires an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Id.* Imposition of conditions of release must be supported by reasons why they are necessary to reasonably assure appearance or safety. *United States v. Spilotro*, 786 F.2d 808 (8th Cir. 1986).

The court has many options here to create conditions or a combination of conditions that would satisfy compliance. As discussed, Mr Norwood has significant personal ties to his community. He has legitimate employment; he is well regarded in his community; he has a very close, very supportive nuclear family willing to provide her with the practical facilities to perform well on pretrial release. It has to be noted that she has significant ties to the law enforcement community in her place of domicile. All of this combined presents William Norwood as an extremely good candidate to the Court for pretrial release consideration: one that the Court can feel confident in creating conditions of release.

WHEREFORE, for the reasons addressed above, William Norwood requests that this court in reviewing a previous detention order, deny the government's request for pretrial detention in this matter, and release Mr Norwood with whatever conditions of release the Court deems appropriate.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper,
Bar No. 478-082
Counsel for William Norwood
400 Fifth Street, NW
Washington DC 20001
(202) 400.1434
pcooper@petercooperlaw.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Consent Motion to Continue Status is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 14th day of April, 2021.

                                              /s/ *Peter A. Cooper*

                                              Peter A. Cooper