**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-233-01 (EGS) |
| | ) | |
| WILLIAM ROBERT NORWOOD | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**ORDER**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its

progeny, the government has a continuing obligation to produce

all evidence required by the law and the Federal Rules of

Criminal Procedure.  *See id.,* 373 U.S. at 87 (holding that due

process requires disclosure of "evidence [that] is material

either to guilt or to punishment" upon request); *Kyles v.*

*Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the

obligation to disclose includes producing evidence "known only

to police investigators and not to the prosecutor" and that "the

individual prosecutor has a duty to learn of any favorable

evidence known to others acting on the government's behalf . . .

, including the police"); *United States v. Agurs*, 427 U.S. 97,

107 (1976) (holding that the duty to disclose exculpatory

evidence applies even when there has been no request by the

accused); *Giglio v. United States*, 405 U.S. 150, 153-55 (1972)

(holding that *Brady* encompasses impeachment evidence); *see also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure); *United States v. Marshall*, 132 F.3d 63, 67-68 (D.C. Cir. 1998) (holding that the disclosure requirements of Federal Rule of Criminal Procedure 16(a)(1)(C) apply to inculpatory, as well as exculpatory, evidence).

The government's *Brady* obligation to provide exculpatory evidence in a timely manner is not diminished by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16.   *See United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled.").   Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.   *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Accordingly, the Court, *sua sponte,* directs the government to produce to defendant in a timely manner any evidence in its possession that is favorable to defendant and material either to defendant's guilt or punishment.   This government responsibility includes producing, during plea negotiations, any exculpatory

evidence in the government's possession.[1]  The government is

further directed to produce all discoverable evidence in a

readily usable form.  For example, the government must produce

documents as they are kept in the usual course of business or

must organize and label them clearly.  The government must also

produce electronically-stored information in a form in which it

is ordinarily maintained unless the form is not readily usable,

in which case the government is directed to produce it in a

readily-usable form.  If the information already exists or was

memorialized in a tangible format, such as a document or

---

[1]*See United States v. Ruiz*, 536 U.S. 622, 633 (2002)(government not required
"to disclose material impeachment evidence prior to entering a plea agreement
with a criminal defendant"); *United States v. Moussaoui*, 591 F.3d 263, 286
(4th Cir. 2010)(noting that the "Supreme Court has not addressed the question
of whether the *Brady* right to *exculpatory* information, in contrast to
*impeachment* information, might be extended to the guilty plea
context")(emphases in the original); *United States v. Ohiri*, 133 F. App'x
555, 562 (10th Cir. 2005)("By holding in *Ruiz* that the government committed
no due process violation by requiring a defendant to waive her right to
impeachment evidence before indictment in order to accept a fast-track plea,
the Supreme Court did not imply that the government may avoid the consequence
of a *Brady* violation if the defendant accepts an eleventh-hour plea agreement
while ignorant of withheld exculpatory evidence in the government's
possession."); *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003)(noting
that "given th[e significant distinction between impeachment information and
exculpatory evidence of actual innocence], it is highly likely that the
Supreme Court would find a violation of the Due Process Clause if prosecutors
or other relevant government actors have knowledge of a criminal defendant's
factual innocence but fail to disclose such information to a defendant before
he enters into a guilty plea"); *United States v. Nelson*, 979 F. Supp. 2d 123,
135-36 (D.D.C. 2013)("Because the prosecution suppressed exculpatory evidence
before Nelson pled guilty, Nelson's due process rights were violated to his
prejudice and his guilty plea was not voluntary and knowing."); *Buffey v.
Ballard*, 782 S.E.2d 204, 221 (W. Va. 2015)(finding "that the DNA results were
favorable, suppressed, and material to the defense," and therefore "the
Petitioner's due process rights, as enunciated in *Brady*, were violated by the
State's suppression of that exculpatory evidence"). *But see United States v.
Conroy*, 567 F.3d 174, 179 (5th Cir. 2009)(disagreeing with the proposition
that, based on *Ruiz*, "exculpatory evidence is different [from impeachment
information] and must be turned over before entry of a plea").

recording, the information shall be produced in that format.  If the information does not exist in such a format and, as a result, the government is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the government has identified any information which is favorable to the defendant but which the government believes not to be material, the government shall submit such information to the Court for *in camera* review.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **April 26, 2021**