UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-233-(EGS) |
| | : | |
| WILLIAM NORWOOD | : | |
| | : | |
| _____ | : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO REVOKE PRETRIAL RELEASE**

William Norwood, by and through undersigned counsel respectfully requests the Court deny the government's motion to revoke pretrial release. In support of this pleading, Mr Norwood states the following.

On 20 April, 2021, the Court granted Mr Norwood's bond motion and released him on home confinement at his residence with GPS monitoring. A condition of release was a stay-away order regarding his estranged wife. On 5 January, 2022, pretrial services filed a report alleging Mr Norwood had violated the stay-away order by use of text messages. The government subsequently filed a motion to revoke pretrial release (ECF 30) followed by a supplement to that motion (ECF 34). This defense pleading comes in response to those submissions.

**Argument**

Mr Norwood does not contest the text messaging was a violation of the conditions of release imposed by the Court. However, he asks the Court to consider the circumstances and context discussed here and find the conduct not rising to the level requiring pretrial detention.

Mr Norwood brings to the Court's attention that while the relationship between himself and his wife may be nearing its end, the parties are still officially married and maintain various joint property concerns. For example, and as may be seen in the text discussions, there is an automobile

that the parties still have joint responsibility for with respect to insurance, registration etc. While it is accepted in hindsight that an alternative plan or arrangement needs to be established to handle such matters, Mr Norwood wishes the Court to understand that his motive in being in connection with his wife had much more to do with an honest desire to deal with general marital business than any nefarious intent with respect to the safety of the individual.

Similarly, a reading of the texts shows a continued concern for the safety and security of his wife. As a general matter, we are conscious of the Court's interests in preserving the safety and well-being of any potential witness, but would point out that while his communications were obviously a technical violation of the Court's order, the tenor of the communications were not at odds with the Court's underlying concerns. Mr Norwood is painfully aware that the existence of the communications themselves place his pretrial status in jeopardy, but at no point was his wife endangered or threatened. In fact the texts show quite the opposite. While the relationship may be nearing its end, Mr Norwood cares very deeply for the welfare of his wife and attempted to express on several occasions his concerns. His feelings may be misplaced or even unwanted, but he is sincere in his hopes for her continued well-being.

A review of the text messages shows discussions of phone communications between the parties also. This brings into the calculus the factor of the instigator of communications. Let us be clear though, we are not suggesting that even if Ms Norwood was the first to reach-out to her husband that somehow it gave him *carte blanche* to ignore the stay-away order. We are merely pointing out that the ongoing marital situation is complex and difficult, and Ms Norwood has legitimate reasons to contact her husband making his situation confusing. It is obvious that even if Ms Norwood reached out first, Mr Norwood handled these matters poorly, but we ask the Court to note the lack of malicious intent on his part.

We would point out that this matter is William Norwood's first experience with the criminal justice system at this level, and he has no experience in these areas. It is axiomatic that throughout this period of communications he has made poor choices. In hindsight, he understands that the first thing he should've done was contact his attorney for advice. As discussed at the outset, we do not challenge that the communications were violative of the Court's instructions, but he wishes to show the Court that throughout this period his motives were honorable and it was never his intent to willfully disobey the Court. We ask the Court to take into account the absence of malicious intent and find his actions do not require pretrial detention but that a severe admonishment would be appropriate under the circumstances.

WHEREFORE, William Norwood respectfully requests the Court deny the government's request to revoke pretrial release, and allow him to remain on supervision.

Respectfully Submitted,

/s/ *Peter A. Cooper*
Peter A. Cooper, (#478-082)
400 Fifth Street, NW.
Suite 350
Washington DC 20001
pcooper@petercooperlaw.com
Counsel for William Norwood

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defense Response to Government's Motion to Revoke Pretrial Release is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 4th day of March, 2022.

/s/ *Peter A. Cooper*
Peter A. Cooper

4