UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-233-(CJN) |
| | : | |
| WILLIAM NORWOOD | : | |
| | : | |
| _____ | : | |

## DEFENDANT'S REQUEST TO RECONSIDER PRETRIAL DETENTION

William Norwood, by and through undersigned counsel respectfully requests the Court reconsider the Court's decision to revoke his conditions of release, ordering pretrial detention. Mr Norwood asks the Court to place him back on release with the same initial conditions of release. In support of this pleading, Mr Norwood states the following.

Mr Norwood was arrested on 25 February 2021, and subsequently presented in the District Court for South Carolina. Mr Norwood was represented by local counsel, and a detention hearing was held. Pursuant to that hearing Mr Norwood was ordered detained. On 20 April, 2021, a hearing was held in which one of the matters discussed was a bond motion filed on Mr Norwood's behalf. The Court granted Mr Norwood's bond motion and released him on home confinement at his residence with GPS monitoring. A condition of release was a stay-away order regarding his estranged wife. On 5 January, 2022, pretrial services filed a report alleging Mr Norwood had violated the stay-away order by use of text messages. The government subsequently filed a motion to revoke pretrial release (ECF 30) followed by a supplement to that motion (ECF 34). This defense filed a response to those submissions. At a hearing on 15 March, 2022, after considering filings from both parties and hearing oral arguments, the Court revoked Mr Norwood's conditions of

release and ordered pretrial detention, to which he remains detained to the present. The Court did provide leave for Mr Norwood to file a reconsideration in the future.

At a hearing before this Court on 2 November 2022, the subject of Mr Norwood's detention status again came up. This Court instructed that it would be open to reconsidering Mr Norwood's status should the defense choose to ask the Court to do so. Mr Norwood files this pleading to ask the Court to reconsider his detention status, and to release him with the same original conditions ordered in April, 2021

**Argument**

Mr Norwood did not, and does not contest the text messaging was a violation of the conditions of release imposed by the Court. However, he asks the Court to reconsider the circumstances and context discussed here and find the conduct not rising to the level requiring continued pretrial detention.

Mr Norwood brings to the Court's attention that while the relationship between himself and his wife was, and may still be nearing its end, the parties were still officially married and maintain various joint property concerns at the time of the violations. For example, and as may be seen in the text discussions, there was an automobile that the parties still had joint responsibility for with respect to insurance, registration etc. While it is accepted in hindsight that an alternative plan or arrangement should have been established to handle such matters, Mr Norwood wishes the Court to understand that his motive in being in connection with his wife had much more to do with an honest desire to deal with general marital business than any nefarious intent with respect to the safety of the individual.

Similarly, a reading of the texts showed a continued concern for the safety and security of his wife. As a general matter, we are conscious of the Court's interests in preserving the safety and well-being of any potential witness, but would point out that while his communications were obviously a technical violation of the Court's order, the tenor of the communications were not at odds with the Court's underlying concerns. Mr Norwood is painfully aware that the existence of the communications themselves placed his pretrial status in jeopardy, and indeed served as the central reason for his release conditions being revoked, but at no point was his wife endangered or threatened. In fact the texts showed quite the opposite. While the relationship was heading towards a sad but inevitable end, may be nearing its end, Mr Norwood cares very deeply for the welfare of his wife and attempted to express on several occasions his concerns. His feelings may be misplaced or even unwanted, but he was and is sincere in his hopes for her continued well-being.

A review of the text messages showed discussions of phone communications between the parties also. This brought into the calculus the factor of the instigator of communications. Let us be clear though, we did not then, not do we do now suggest that even if Ms Norwood was the first to reach-out to her husband that somehow it gave him *carte blanche* to ignore the stay-away order. We merely point out that the ongoing marital situation was and is complex and difficult, and Ms Norwood had legitimate reasons to contact her husband which made the situation confusing. Nonetheless, it is obvious that even if Ms Norwood reached out first, Mr Norwood handled these matters poorly, but we ask the Court to note the lack of malicious intent on his part.

We would point out that this matter is William Norwood's first experience with the criminal justice system at this level, and he has no experience in these areas. It is axiomatic that throughout the period of communications he made poor choices. After nine months incarcerated, Mr Norwood has had plenty of time to consider his actions and it is fair to say he has learned his lessons. He understands that the first thing he should've done was contact his attorney for advice. He

understands the Court's conditions are not to be taken as optional but are to be respected. As discussed at the outset, we do not challenge that the communications were violative of the Court's instructions, but we wish to show the Court that throughout that period his motives were honorable and it was never his intent to willfully disobey the Court. We ask the Court to take into account the absence of malicious intent and find his actions do not require pretrial detention but that a severe admonishment would be appropriate under the circumstances.

WHEREFORE, William Norwood respectfully requests the Court to reconsider the decision to revoke pretrial release, and allow him placed back on supervision.

Respectfully Submitted,

/s/ *Peter A. Cooper*
Peter A. Cooper, (#478-082)
400 Fifth Street, NW.
Suite 350
Washington DC 20001
pcooper@petercooperlaw.com
Counsel for William Norwood

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defense Request to Reconsider Pretrial Detention is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 15th day of December, 2022.

/s/ *Peter A. Cooper*
Peter A. Cooper