**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-cr-233 (CJN)** |
| **v.** | : | |
| | : | |
| **WILLIAM ROBERT NORWOOD, III** | : | |
| | : | |
| **Defendant.** | : | |

### OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Reconsider Detention (ECF No. 50). In view of the factors outlined in 18 U.S.C. § 3142(g), there are no conditions or combinations of conditions that can effectively ensure the safety of any other person and the community and reasonably assure the appearance of the defendant, pursuant to 18 U.S.C. § 3142(e).

On July 28, 2021, a federal grand jury sitting in the District of Columbia returned a seven-count Superseding Indictment stemming from defendant Norwood's involvement in the insurrection at the United States Capitol on January 6, 2021, and charging him with: (1) Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) & 2; (2) Theft of Government Property, in violation of 18 U.S.C. § 641; (3) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (4) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (5) Entering and Remaining in Certain Rooms in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C); (6) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (7) Parading, Demonstrating, or Picketing in a Capitol Building, in

violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 20.

Following his arrest, the defendant had been released and placed on the high intensity supervision program, which included a condition specifically prohibiting the defendant from having any contact, directly or indirectly, with his estranged wife. ECF No. 16. The defendant's bond conditions also advise him that: "It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation, tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court." *Id*. at 3.

After the defendant's estranged wife came forward with evidence that he had been engaged in a sustained witness tampering campaign in violation of his conditions of release, the defendant was again arrested, and his pretrial release was revoked. ECF Nos. 29, 30, 41. The defendant has been detained since March 10, 2022. ECF No. 41. The parties are currently in agreement that resolution of this matter is appropriate with a guilty plea to obstruction of justice under 18 U.S.C. § 1512(c)(2), as charged in Count One of the Superseding Indictment in this case and are awaiting the outcome of a pending appeal concerning the proper interpretation of that statute before proceeding to a guilty plea hearing. ECF No. 49. It is agreed that the defendant's guideline sentencing range for the offense of conviction would be anywhere from 21 months, up to 63 months, depending upon application of an eight-level adjustment under U.S.S.G. § 2J1.2(b)(1)(B).

The defendant has now filed the instant motion to reconsider pretrial detention, in which he asks the Court to "place him back on release with the same initial conditions of release." ECF No. 50. In support of the motion, the defendant states that he now recognizes that the pretrial contact with his estranged wife was a "technical violation" of his conditions of pretrial release, but

there was no malicious intent.

The United States respectfully opposes the motion to reconsider for the same reasons previously stated in its motion for revocation. ECF No. 30 (Exhibit 1, attached). As a plain reading of the text messages to his estranged wife demonstrate, the defendant did, in fact, engage in a malicious campaign of witness tampering in the face of clear court orders prohibiting him from having any contact, directly or indirectly. *See* Exhibit 2 (attached). Furthermore, the defendant has not proposed any new plan or conditions to prevent the same violations from occurring again. Based on the defendant's track record in this case, there does not appear to be any reason to believe that the defendant can comply with pretrial conditions of release.

His motion should be denied.

## CONCLUSION

The United States respectfully opposes the motion for the same reasons provided in its prior motion for revocation (ECF No. 30), which is incorporated by reference and attached hereto as Exhibit 1, and the Judge Sullivan's oral ruling granting the motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: */s/ Andrew J. Tessman*
   ANDREW J. TESSMAN
   Assistant United States Attorney
   District of Columbia – Detailee
   WV Bar No. 13734
   300 Virginia Street
   Charleston, WV 25301
   (304) 345-2200
   Andrew.Tessman@usdoj.gov