UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,  )<br>)<br>v.   )<br>)<br>**WILLIAM ROBERT NORWOOD, III,**   )<br>)<br>Defendant.   )<br>) | Criminal Case No: 1:21-cr-00233<br><br>Status Hearing: May 5, 2023 |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION

The Government's argument against William Robert Norwood's motion to dismiss, ECF No. 59, relies most heavily on a Statement of Offense that the Government drafted for Mr. Norwood to sign in order to induce a plea to 18 U.S.C. § 1512(c)(2) (*see* ECF No. 59, *28-34) — facts which the Government believed would be sufficient to constitute an offense under Section 1512(c)(2) if this case proceeded into the courtroom for a plea hearing. See ECF No. 59, *16-17.

Generally, a Statement of Offense, if accepted by a trial court, is procedurally regarded as a factual basis to support a guilty plea to a felony offense — a functional equivalent to a *proffer of evidence* or a *stipulated record* for purposes of a criminal

conviction upon acceptance of an agreement to plead guilty. Indeed, on page 2 of the signed agreement, the Government described its Statement of Offense as "a written proffer of evidence." See ECF No. 59, *17. Counsel for the Government then signed this proffer of evidence. *Id*. at *34.

The Government all of a sudden, curiously claims that the facts in the Statement of Offense, a document that Government counsel personally crafted and signed, is all of a sudden *insufficient* for a Court to consider in determining whether the evidence against Mr. Norwood constitutes an offense under Section 1512(c)(2). The Government wants to have its cake and eat it too. Ironically, the Government cites *Yakou* in support of its position, a case that specifically stated that when there is a *proffer of evidence* or a *stipulated record* that the trial court can proceed to decide whether a dismissal is appropriate. *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005).[1] The Government's position in ECF No. 59 is a direct reversal of its position from the hearing before this court on January 4, 2023, and a contradiction of its admitted intention to use the Statement of Offense, that the Government attached to ECF No. 59 as its primary exhibit, to sustain a criminal plea— simply because the defendant moved to dismiss under Rule 12(b)(1) and the Government is scrambling for a basis of opposition. This scramble, however, jeopardizes all criminal pleas if the Government now claims that the facts used to support criminal pleas cannot be used to determine whether a criminal charge can be sustained as a matter of law. Either a factual stipulation is a proffer of facts for the record, or all criminal guilty pleas are insufficient. *The Government can't have its cake and eat it too*.

---

[1] Fed. R. Crim. P. 12(b)(1) currently states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." *Yakou* interpreted a prior version of the statute which used the phrase "a trial of the general issue" instead of the one used today, which is "a trial on the merits." The most recent version of the Federal Rules of Criminal Procedure is available here: https://www.uscourts.gov/sites/default/files/federal_rules_of_criminal_procedure_december_1_2022_0.pdf.

**Since the Government has introduced into evidence Attachment A, the signed plea agreement that describes the Statement of Offense as "a written proffer of evidence," along with the Statement of Offense, the written proffer of evidence itself— this court now has a proffer of evidence on which to adjudge the defendant's motion to dismiss** under Rule 12(b)(1), in complete conformity with *Yakou*. 428 F.3d at 247; *see also United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998); *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000). **The same facts that the Government believes are sufficient to constitute the criminal offense, which the Government signed as such saying, the defendant is conversely arguing *do not* constitute the offense charged under § 1512(c)(2)**. The Defense is asking this court to review the facts that the Government proffered to the defendant and the district court in Attachment A, and to hold that the facts of the case do not constitute the crime charged under the law. *See e.g., United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) ("the government's own facts proffered to the defendant and the district court simply did not conform to the allegations in the indictment"). The issue before the court, accordingly, is a much simpler one than the Government's Opposition tries to conjure.

The Government's attempt to deflect by pointing to the Defendant's disagreement with certain details of the case is irrelevant for purposes of determining the Motion to Dismiss. The dispositive issues for this motion are (1) whether an assault on law enforcement was committed or charged—which it was not—and (2) whether the Government possesses the requisite *mens rea* evidence or proof of corrupt intent to obstruct Congress— which it does not. The additional factual details discussed by both parties do not change the fact that the evidence necessary to constitute a 1512(c) Obstruction offense is nonexistent. The Government's own admission

through omission in its stipulation demonstrates that the evidence required for a felony Obstruction charge simply does not exist in this case. A trial on the merits is unnecessary under circumstances where a court can use the stipulated facts to determine whether a written proffer of evidence that the Government alleges constitutes a crime is actually insufficient as a matter of law to constitute that crime. *See e.g., United States v. Levin*, 973 F.2d 463, 470 (6th Cir. 1992) (dismissal of an indictment is appropriate where undisputed facts showed that the government could not prove the defendant's intent as a matter of law); *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) ("it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case"); *United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994) (dismissing an indictment pursuant to Rule 12(b) based on undisputed evidence that the defendant was not present when the alleged crime was committed, establishing that he could not, as a matter of law, be charged with knowingly committing the indicted offense).

The issue in this case is that the evidence necessary to constitute a 1512(c) Obstruction offense simply doesn't exist. The defense is not asking the Court to weigh the evidence available; instead, the defense is asking this court to review the stipulated facts as undisputed proof of the non-existence of an indispensable element required to constitute a criminal offense — the defense is asking this Court to only determine a question of law. Defendant's factual discussion of *why* the evidence doesn't exist is irrelevant to the ability of this Court to determine his motion.

Explained most simply, and through the facts — **even if Mr. Norwood entered the Capitol Building without permission, and even if his conduct resulted in the obstruction of**

**Congress and contributed to the few-hour delay of the 2020 election certification, the defendant's conduct does not constitute a felony Obstruction unless he acted *corruptly* in doing so**. But Mr. Norwood did not act corruptly; therefore, Mr. Norwood could not have committed this felony offense. There is no evidence of corrupt *scienter,* per the Goverment's own stipulation. And, there is no evidence of assault on law enforcement in this case — quite the opposite, in fact. Therefore, the facts of this case are insufficient to withstand a motion to dismiss under *United States v. Fischer*, No. 22-3038 (D.C. Cir. Apr. 7, 2023), as a matter of law.

**Per the stipulation of facts, both the *mens rea* and *actus reus* elements remain unfulfilled and unfulfillable in the case at hand**. Accordingly, the defense asks this court to dismiss Count One pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure. Additionally or alternatively, the defendant continues to seek dismissal pursuant to Rule 12(b)(3)(B), as well as on the basis of the Court of Appeals decision in *United States v. Fischer*, No. 22-3038 (D.C. Cir. Apr. 7, 2023), and under the Fifth Amendment's Due Process Clause— as outlined in ECF No. 56.

Respectfully submitted,

By Counsel:



/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on May 2, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.