UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Criminal Case No: 1:21-cr-00233 |
| ) | |
| **WILLIAM ROBERT NORWOOD, III,** ) | Status Hearing: Sep. 11, 2023 |
| ) | |
| Defendant. ) | |

**REPLY TO GOVERNMENT'S OPPOSITION**

The Government opposes Mr. Norwood's reduction of pretrial release conditions based on a violation of the no-contact provision that occurred 21 months ago. The Government, however, does not factor in Mr. Norwood's complete compliance since that time and the drastic penalty imposed on Mr. Norwood for that contact violation — incarceration for a period that lasted one year! The Government brushes over a one-year jail penalty as if it's inconsequential and appears surprised that a man seeks more freedom.

In reply to the Government's opposition, Mr. Norwood states as follows:

1) Mr. Norwood has already been severely punished for the contact violation, and the punishment has served as a direct and potent deterrent for any future violations.

2) The contact violation doesn't make any sense in the context of this case because Mr. Norwood's "estranged wife" is not a witness to this case — she wasn't with Mr. Norwood inside the Capitol Building. The pair was separated in the streets of D.C. in the first part of January 6 as the protest started moving towards the Capitol. Mr. Norwood followed the crowd into the Capitol

after he lost sight of his wife in the crowd. The "estranged wife" made various initial statements to the Government that were not subjected to proper scrutiny and which resulted in the no-contact provision being requested in the first place.

3) The estranged wife was charged and convicted of a felony offense for making a false report to local police against Robbie Norwood. She pleaded guilty to this offense in 2019 in Greenville, South Carolina. *See State of South Carolina v. Dana Oldhamin, Greenville County 13th Judicial Circuit,* Case No. 2019A2320601358 (Dec. 5, 2019).[1]

4) The majority of the facts outlined by the government are a few outrageous statements made by the defendant in videos, which he and members of his family testified to as being messages sent to them in a family chat group where Mr. Norwood was teasing his liberal sister for excusing the 2020 riots. *See* ECF No. 14-1. As a reminder, Mr. Norwood was initially detained because he made facetious statements to his sister and his mother about assaulting police in the Capitol, like Antifa; this was in response to a year-long political debate the family was having— but these statements were the opposite of the truth. Mr. Norwood actually defended and protected police officers inside the Capitol from angry protesters — this is corroborated by clear video evidence.  *See* ECF No. 57.

5) The Government knowingly and intentionally relies on the facetious statements of Mr. Norwood to members of his family instead of on the direct evidence from January 6 — the videos of him in the Capitol Building showing him placing fallen property back in its place and defending police officers from belligerent members of the crowd using his own body. According

---

[1] Available at: https://www2.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23001&Casenum=2019A2320601358&CaseType=C&HKey=768411984104548587103891121221211124310911686818847751141169011167817288118113104889856117104661038665103

to CCTV evidence and publicly available videos, Mr. Norwood protected federal officers on at least two separate occasions in two distinct areas of the Capitol. Robbie even offered an officer a Gatorade from his pocket when he noticed an officer who looked thirsty.

6) Mr. Norwood's request is based on his compliance with pretrial release conditions but it is much higher than what he and his attorney believed was most fair under the circumstances, which is the removal of pretrial supervision. *See* ECF No. 57. The request for curfew conditions is a much higher supervisory condition than none.

7) Mr. Norwood is currently being considered for a supervisory position at his job. The position will require Mr. Norwood to be on call. A curfew limitation will allow him to comply with the job requirements.

8) Moreover, just this week, he was unable to work last-minute overtime requests due to his strict schedule limitations. A curfew schedule would permit Mr. Norwood to work last-minute overtime opportunities which would be a significant financial help to a man who resides with his mother in a mobile home, in a mobile home park. *See* ECF No. 14-1, *65.

The defense respectfully requests for Mr. Norwood's justified request to be granted.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street

                                                  Alexandria, Virginia 22314
                                                  Tel:  888.886.4127
                                                  Email: contact@medvinlaw.com

## **CERTIFICATE OF SERVICE FOR CM/ECF**

      I hereby certify that on Sep. 7, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                                           /s/
                                                      Marina Medvin, Esq.