UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Criminal Case No: 1:21-cr-00233 |
| ) | |
| **WILLIAM ROBERT NORWOOD, III,** ) | Trial: Aug. 26, 2024 |
| ) | |
| Defendant.  ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF TO HIS
MOTION TO DISMISS COUNT ONE, ECF NO. 56**

Over a year ago, the Mr. Norwood filed a Motion to Dismiss Count One of the Superseding Indictment, charging 18 U.S.C. § 1512(c)(2). *See* ECF No. 56. As argued by the Defense in ECF No. 56, 60, 66, and 76, the Superseding Indictment was insufficient as a matter of law.

The Court heard oral argument on this issue and continued Mr. Norwood's case to await resolution of *Fischer v. United States*, which was pending before the Supreme Court.

On June 28, 2024, *Fischer v. United States*, No. 23-5572 (U.S.) decided that in order to "prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." The Court required for Subsection (c)(2) to be read "in light of (c)(1)," not independent of it. Subsection (c)(2) was "designed by Congress to capture other forms of evidence and other means

of impairing its integrity or availability beyond those Congress specified in (c)(1)," and is therefore "limited by the scope of (c)(1)," the Supreme Court explained. In short, "[n]othing in the text or statutory history suggests that subsection (c)(2) is designed to impose up to 20 years' imprisonment on essentially all defendants who commit obstruction of justice in any way and who might be subject to lesser penalties under more specific obstruction statutes."

      Mr. Norwood's Superseding Indictment is in direct contradiction to the ruling in *Fischer*. He is charged with an over-broad reading of the statute that surmises an obstruction of justice in *any way*. Mr. Norwood's indictment is unbound by Subsection (c)(1)'s requirement that the alleged *actus reus* be tethered to "record," "document," or other "object," and a defendant's alleged attempt or impairment of the availability or integrity for use in an official proceeding of such object. The requirements of (c)(1) are entirely omitted from the indictment.

      Accordingly, Count One of the Superseding Indictment should be dismissed.

      Respectfully submitted,

      By Counsel:

      _____/s/_____
      Marina Medvin, Esq.
      *Counsel for Defendant*
      MEDVIN LAW PLC
      916 Prince Street
      Alexandria, Virginia 22314
      Tel:  888.886.4127
      Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

      I hereby certify that on June 30, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.