UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) CRIMINAL CASE NO: 21-CR-233 (CJN) |
| WILLIAM ROBERT NORWOOD, III, | ) ) TRIAL: AUG. 26, 2024 |
| DEFENDANT. | ) ) ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE**

Mr. Norwood opposes the Government's request for a continuance of his trial date and a postponement of the motions deadlines in this case. In support of his position, he outlines his explanation as follows:

1. Mr. Norwood was arrested in February of 2021, *three and a half years ago*.

2. Mr. Norwood's trial is scheduled for August 26, 2024, seven weeks from now.

3. Mr. Norwood is on pretrial supervision with serious restrictions to his freedoms and does not take the Government's nonchalant continuance request lightly.

4. The first trial deadline affecting the Government would be July 26, 2024, *three weeks from now*. This is the date on which their Response to defendant's Motion to Dismiss is due. The Government would have had *four weeks* by this deadline to assess the *Fischer* decision, more than a sufficient amount of time to comprehend the confines of the decision. The Government seeking a removal of this deadline in advance,

without any reason or basis on which to do so, is not a sufficient basis on which to grant a continuance over a defendant's objection.

5. There is no evidence in this case having to do with the impairment, or the attempted impairment, of the availability or integrity of things used during the January 6 proceeding before Congress. The Government's boilerplate motion language is reckless in its suggestion that Mr. Norwood is such a case when none of the facts behind this case support this assertion in the least.

6. The Government's further suggestion that it may "bring new charges against the Defendant" after it evaluates its loss of the Section 1512(c)(2) issue, even though Mr. Norwood has been before this District Court for three and a half years without any new charges and no new evidence to indicate the need for such charges, would be retaliatory and vindictive prosecution. *See United States v. Meyer,* 810 F.2d 1242 (D.C. Cir. 1987).

Accordingly, the Defense opposes the Government's untimely and unjustified request, that would unduly burden the Defendant who is seeking a resolution of the charges against him and has even reached out to Chambers to seek a change of plea hearing on his misdemeanor charges.

In the alternative, if this Court is inclined to grant the Government's request, Mr. Norwood then seeks the complete removal of all pretrial release conditions imposed on him.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## **CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on July 5, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.