UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-233 (CJN) |
| v. | : | |
| | : | |
| WILLIAM ROBERT NORWOOD, III, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE GENERAL EVIDENCE RELATED TO THE EVENTS OF JANUARY 6, 2021**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's motion *in limine* to preclude general evidence of the events of January 6, 2021. ECF 83. In essence, the defendant asks that the Court prevent the government from using evidence that accurately establishes and describes his crimes. The material the defendant seeks to exclude is relevant to the charged conduct and fairly describes the events of January 6, 2021, and his conduct; therefore, the Court should deny his motion.

**ARGUMENT**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Additionally, Rule 403 does not require the government "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998). Neither Rule 401 nor 403 supports the defendant's requested relief.

### General Evidence of the Events of January 6 and the Actions of Other Rioters at the Capitol is Relevant.

The defendant argues that the Court should exclude any general evidence of the events of January 6, 2021 that is not directly related to his specific alleged conduct. ECF 83 at 1. To be sure, to convict him, the factfinder must conclude that the defendant committed each offense with which he is specifically charged. It is not enough for the government to show that the defendant was simply present near others who committed crimes across the Capitol building and grounds. But the defendant's argument here ignores the nature of these crimes. It was the mob's collective action that disrupted Congress, and the defendant's knowledge of, and participation in, the collective riot bears on his *mens rea* for each of the charged offenses.

The government does not anticipate making areas of the Capitol where the defendant did not go a focus of the trial. However, in order to describe the overall riot, its effects, and why the certification of the Electoral College vote was suspended, the government will show the actions of other rioters in other areas of the Capitol building and grounds. Like the defendant, none of the rioters were authorized to enter the Capitol. Like the defendant, none of them submitted to screening by the U.S. Capitol Police. Law enforcement officer witnesses will explain that, in expelling rioters, they could not distinguish between those rioters who were overtly violent and those who were not: everyone had to leave. This is because law enforcement could not predict who would act violently; any member of the crowd might be a threat to them. Indeed, throughout the day, individual officers found their attention divided by the need to monitor the whole crowd, rather than focusing on a specific individual. But for the defendant's actions alongside so many others, the riot likely would have failed to delay the certification vote. *See United States v. Mazzocco*, No. 21-cr-54, Tr. 10/4/2021 at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.")

(statement of Judge Chutkan). While the factfinder will judge the defendant based on his specific actions, the context of his actions is essential.

Moreover, the government's use of any potential summary witnesses or evidence to this effect would permissibly "help the [factfinder] organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of a multitude of witnesses throughout the trial." *See United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983). To be sure, any such aspects of the government's case would need to be "accurate and nonprejudicial[,]" *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014), and require "a sufficient foundation[,]" *United States v. Mitchell*, 816 F.3d 865, 877 (D.C. Cir. 2016). The defendant does not, and cannot, substantiate his contention that the government cannot present this information appropriately.

Even if this Court found the actions of other rioters were prejudicial, a limiting instruction would be the appropriate remedy. The D.C. Circuit has consistently upheld the use of limiting instructions as a way of minimizing the residual risk of prejudice. *See, e.g.*, *United States v. Douglas,* 482 F.3d 591, 601 (D.C. Cir. 2007) (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis).

Thus, because the actions of other rioters are relevant and not unduly prejudicial and any prejudice can be addressed through an appropriate limiting instruction, admission is appropriate.

For the reasons stated above, the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
District of Columbia
Bar No. 481052

By:  /s/*Joseph S. Smith, Jr*
Joseph S. Smith, Jr.
Assistant United States Attorney
CA Bar No. 200108
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20001
(619) 546-8299
Joseph.s.smith@usdoj.gov

/s/Benjamin J. Smith
Benjamin J. Smith
Assistant United States Attorney
N.Y. Bar Number 5220637
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-304-0977 (c)
202-252-2428 (o)
Benjamin.smith4@usdoj.gov