UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CRIMINAL CASE NO: 21-CR-233 (CJN) |
| ) | |
| **WILLIAM ROBERT NORWOOD, III**, ) | TRIAL: AUG. 26, 2024 |
| ) | |
| DEFENDANT. ) | |

**MOTION TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT**

**BACKGROUND**

William Robert Norwood, III ("Robbie") was arrested three and a half years ago, on February 25, 2021. *See* ECF No. 5. Mr. Norwood was initially represented by a court-appointed attorney. Undersigned counsel entered her appearance on April 7, 2023. *See* ECF No. 54.

On Apr 14, 2023, Mr. Norwood filed a Motion to Dismiss Count One Charging 18 U.S.C. § 1512(c)(2). *See* ECF No. 56. This was the only felony count pending against Mr. Norwood. The Government opposed defendant's motion. *See* ECF No. 62. A few months later, the *Fischer v. United States* case made its way to the Supreme Court. Defendant filed two Amicus Curiae briefs at the U.S. Supreme Court in support of Mr. Fischer's position. *See* ECF No. 66, 76.

On June 28, 2024, the Supreme Court decided the case in favor of Mr. Fischer. *See Fischer v. United States*, No. 23-5572 (U.S. June 28, 2024). Defendant immediately filed a supplement to his Motion to Dismiss. *See* ECF No. 78. The Government sought an indefinite postponement of the trial date in order to allow it to regroup following the *Fischer* decision. *See*

ECF No. 79, 81. The Defendant opposed. *See* ECF No. 80. The Court gave the Government two extra weeks to respond to the *Fischer* issues but otherwise kept the Scheduling Order in this case intact. *See* ECF No. 86.

Accordingly, the parties filed pretrial motions and motions in limine on July 12, 2024. The Defendant filed his opposition to the Government's motions on July 24, 2024.

At the end of the workday, on July 25, 2024, one month prior to the trial date and with the status of the case amid pretrial briefing, DOJ prosecutors emailed undersigned counsel notification that they obtained a Second Superseding Indictment for Mr. Norwood, abandoning the 18 U.S.C. § 1512(c)(2) charge. However, for the first time after three and a half years of this case pending, the Government notified counsel that the new indictment contains a count of 18 U.S.C. § 231(a) — a felony charge that was not based on any new facts that came to light. Instead, **the § 231(a) count serves as a felony substitute for the § 1512(c)(2) charge, which the DOJ had to forfeit as a result of the *Fischer* decision**. The DOJ closed their email by graciously inviting the Defendant to plead guilty to this new felony charge. A copy of the indictment was not provided; neither were the Grand Jury materials pursuant to the Rule 6(e) Order of this Court dated July 20, 2021. The Second Superseding Indictment was sent to undersigned counsel through ECF the next day. *See* ECF No. 88.

Count One of the Second Superseding Indictment now states:

> On or about January 6, 2021, within the District of Columbia, WILLIAM ROBERT NORWOOD III, also known as "Robbie Norwood," committed and attempted to commit **an act** to obstruct, impede, and interfere with **a law enforcement officer**, that is, **officers** from the United States Capitol Police, lawfully engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any

article and commodity in commerce and the conduct and performance of any federally protected function.

### ARGUMENTS

**I.   The 18 U.S.C. § 231(a) Charge Should be Dismissed as Vindictive Prosecution**

The facts of this case do not warrant a civil disorder charge. The 18 U.S.C. § 231(a) charge is being used as a vindictive penalty in retaliation for the defendant for participating in the *Fischer* case through his Amicus briefs. The § 231(a) count serves as a felony substitute for the § 1512(c)(2) charge, which the DOJ had to forfeit as a result of the *Fischer* decision. Count One should be dismissed under Fed. R. Crim. Pro. 12(b)(3)(iv) as a Due Process violation.

The facts of this case are recorded on dozens of videos. The videos show that Mr. Norwood ***defended and protected*** police officers from belligerent protesters, on two occasions, in two different areas of the Capitol. *See* ECF No. 57 at *2-3. Robbie Norwood is even heard on video telling protesters to stop and not to touch an officer, physically moving back protesters who were putting their hands on the officer. Undersigned counsel played video evidence to the Court to corroborate the described behavior on May 5, 2023. At one point in the Capitol, Robbie Norwood even offered a uniformed officer, who looked parched, a blue Gatorade from his pocket. This is why Mr. Norwood was not charged with § 231(a) for the three-and-a-half year duration of his time before this Court.

The § 231(a) charge was added only *after* Mr. Norwood participated in the *Fischer* appeal and only *after* the *Fischer* appeal had succeeded. The charge was not based on any new facts. It is being brought as a penalty. The Supreme Court prohibits such prosecutorial behavior and holds it in violation of the Due Process Clause. "To punish a person because he has done what the law

plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368, 372 (1982). In the *Goodwin* case, the Supreme Court upheld a District Court's presumption of vindictiveness based on how the felony charge was brought against the defendant. *Id.* at 373.

> Motives are complex and difficult to prove. As a result, in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to "presume" an improper vindictive motive. Given the severity of such a presumption, however — which may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct — the Court has done so only in cases in which a reasonable likelihood of vindictiveness exists.
> …
> In sum, the Court applied a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence.

457 U.S. at *373-74.

*Goodwin* cautioned the application of a presumption of prosecutorial vindictiveness in a pretrial setting but did not preclude it. 457 U.S. at *381. The *Goodwin* decision suggested that "[i]n the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution." *Id*. But in Mr. Norwood's case, the new felony charge was not brought as a *eureka;* it was brought as a deliberate penalty on the defendant for prevailing in his efforts with helping Mr. Fischer and the defendants prevailing at the Supreme Court. The Norwood case, accordingly, is perfectly situated for the application of a presumption of prosecutorial vindictiveness. This case presents a situation in which there is a realistic likelihood of vindictiveness, trigging the Court to apply the presumption to protect Due Process rights. *See Goodwin,* 457 U.S. at 384.

In *United States v. Meyer*, the D.C. Circuit Court of Appeals held that the District Court needs to consider all of the circumstances of a pretrial case as a whole to determine whether the facts showing how a prosecutor brought a new charge against the defendant support a presumption of vindictiveness. *United States v. Meyer,* 810 F.2d 1242, 1246 (D.C. Cir. 1987) (holding that the combined circumstances of the case suggested a retaliatory motivation). The standard is not one of proof beyond a reasonable doubt; only a "realistic likelihood of vindictiveness." *Id.* The DOJ's decision not to charge Mr. Norwood with a § 231(a) charge for the duration of his three-and-a-half year prosecution, having brought two separate indictments against this defendant during this time, combined with the timing of the charge, and the clear insinuation by the prosecution that this charge is a substitute for the § 1512(c)(2) felony, lead to no other conclusion but one of vindictive retaliation against the defendant.

Accordingly, the defense asks for dismissal of Count One under Fed. R. Crim. Pro. 12(b)(3)(iv).

## II. The 18 U.S.C. § 231(a) Charge Should be Dismissed as Improper Gamesmanship

The path by which the 18 U.S.C. § 231(a) charge was brought, and the timing of it, amount to improper prosecutorial gamesmanship.

The government chose to file the 18 U.S.C. § 231(a) charge only *after* the Government's continuance requests was denied and only *after* the defendant's pretrial motion deadlines had passed. The filing of a new charge would either force the defendant to trial on the charge without adequate preparation or would necessitate a continuance and new motions deadlines — either violating the defendant's Due Process rights outright or giving the government another

opportunity to obtain exactly what it outlined in its motion as wanting by indicting a charge not even based in fact. The timing of the filing of this charge appears to be an attempt to game the system through a Due Process violation or threat thereof. This is outrageous government conduct that shocks the conscience. The indictment was obtained "by methods that offend the Due Process Clause." *See Rochin v. California*, 342 U. S. 165 (1952). This conduct warrants a dismissal of Count One of the Second Superseding Indictment.

**III. Count One Should be Dismissed For Lack of Specificity**

Counts One of the Second Superseding Indictment should be dismissed for lack of specificity pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii). The government regurgitates the words of the statute for Count One but fails to notify the defendant of *the facts* on which the government bases its allegations, failing to notify the defendant with specificity of the nature and cause of the accusations against him in violation of his Fifth and Sixth Amendment rights.

Count One alleges an act of civil disorder, without a factual summary to precede the count, without a description of the acts which constitute the alleged violation, and without a description of the time and place where they are alleged to have occurred, and without naming the alleged officer who was impeded, obstructed or interfered with by this nebulous "act" that was allegedly



committed. Moreover, the count alleges *simultaneously* that there is one officer, through the language "*a* law enforcement *officer*," and also that there are multiple officers, through language that says "*officers*" as plural. The count contains no other allegations, the indictment is not preceded by a general facts section, and the count does not cross-reference any other counts in this indictment.

The Fifth Amendment guarantees that no person shall be held to answer for an "infamous crime, unless on a presentment or indictment of a Grand Jury" and the Sixth Amendment guarantees that a person accused of a crime shall "be informed of the nature and cause of the accusation." U.S. Const. Amend. V; U.S. Const. Amend. VI. A valid indictment "preserves the Fifth Amendment's protections against abusive criminal charging practice." *United States v. Hillie*, 227 F. Supp. 3d 57, 69 (D.D.C. 2017). The indictment must not only contain the elements of the offense charged, but also fairly inform the defendant of the charge against which he must defend and enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Cruikshank*, 92 U.S. 542, 559 (1875) ("[T]he indictment should state the particulars, to inform the court as well as the accused. It must be made to appear — that is to say, appear from the indictment, without going further — that the acts charged will, if proved, support a conviction for the offence alleged."). Accordingly, Fed. R. Crim. P. 7(c) states that an indictment "must be a plain, concise, and definite written statement of the *essential facts constituting the offense charged*." (Emphasis added.)

Although Count One regurgitates the operative words found in the referenced statute, it fails to notify the defense of the *facts* on which the government bases the allegation. The only

factual context supplied in the is the *day* the alleged offense took place, the *jurisdiction*, and the name of the accused.

- When, during this day, did the alleged crime occur — what is the relevant time period?
- Where in Washington D.C. did the alleged conduct occur? After all, the District spans 68.3 square miles.
- Who was the alleged officer victimized by the defendant's actions? Was it one or many? None of that is clear.
- What was the operative *actus rea* that is alleged to have been committed?
- What function is the government alleging as a "federally protected function"?

Stated more simply, what exactly is the defense defending here?

"A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of **time, place, and circumstances**." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875) ("It is a crime to steal goods and chattels; but an indictment would be bad that did not specify with some degree of certainty the articles stolen.") (Emphasis added). The time, the place, and the circumstances that constitute the crime are all missing from Count One.

Factual specificity is an indispensable component of an indictment. "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962); see also *United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971) (noting that an indictment needs to "achieve the requisite degree of precision" and holding that an indictment is insufficient as a matter of law when "it describes the offense

only in impermissibly broad and categorical terms"). While the language of the statute may be used in the general description of the offense, it "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974); see also *United States v. Miller*, Case No. 1: 21-cr-00119 (CJN) (D.D.C. May 27, 2022) ("parroting the statute will not always suffice"); *United States v. Connell*, Case No. 21-0084 (PLF) (D.D.C. June 30, 2023) (an indictment for civil disorder, without naming an officer or proving the time and location of the alleged act does "not provide the level of specificity sufficient to give [defendants] adequate notice to understand the charge and prepare a defense").

Moreover, the Grand Jury did not sign off on a narrowed legal theory that confines the Government at trial, leaving the government free to explore various options at trial and giving the DOJ an unfair trial advantage — a prospective trial by ambush or an open invitation for trial gamesmanship. Yet, this court has been stern with the government: "[a] defendant can only be prosecuted for offenses that a grand jury has actually passed up on." *United States v. Hillie*, 227 F. Supp. 3d 57, 69 (D.D.C. 2017). When an indictment is drawn in general terms, a conviction might rest on a variation of conduct that may be different from what was presented to a grand jury, yielding an impermissible constructive amendment to the indictment in the middle of the trial. *See Stirone v. United States*, 361 U.S. 212, 218-19 (1960).

Accordingly, Count One is insufficient as a matter of law and should be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii).

WHEREFORE, for any or for all the reasons stated herein, Count One should be dismissed.

FURTHERMORE, the Defense requests an expedited briefing schedule and a Response from the Government within 5 days of this filing instead of the usual 14 due to the fact that the parties are exactly one month away from the trial date and need to resolve this issue expeditiously.

        Respectfully submitted,

        By Counsel:

        _____/s/_____
        Marina Medvin, Esq.
        *Counsel for Defendant*
        MEDVIN LAW PLC
        916 Prince Street
        Alexandria, Virginia 22314
        Tel:  888.886.4127
        Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on July 26, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

        _____/s/_____
        Marina Medvin, Esq.

