UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-233 (CJN) |
| v. : | |
| : | |
| WILLIAM ROBERT NORWOOD, III, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR SANCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant William Norwood's motion for sanctions. ECF 94 at 1-2. As discussed in the government's briefing that preceded Norwood's sanctions motion, a federal grand jury returned a Second Superseding Indictment in this matter on July 25, 2024. ECF 93 at 4-6. As also detailed in the government's briefing, the Second Superseding Indictment was the direct result of the government's evidence against Norwood crystalizing during preparation for the trial of this matter. *Id*. at 5-6 and 11-14. Now, Norwood seeks sanctions alleging that the government has either "falsified the claim of 'new evidence'" or "failed to share that evidence with" Norwood in a timely fashion. ECF 94 at 2. Norwood's motion for sanctions must fail, however, because the government has clearly met, if not exceeded, its discovery obligations and has produced all relevant evidence on a timely and, in this case, expedited basis.

As reflected in the government's recent response, ECF 93, nothing unusual or untoward has happened in this case. Interviews of witnesses in preparation for trial sharpened the prosecution's view of its evidence, resulting in procurement of the Second Superseding Indictment which removed one charge and added another. Courts have recognized that an increase in charges

1

may result not merely from additional information, *see* ECF 93 at 9, but also from further consideration of known information. *Id*. Neither the occurrence of witnesses interviews nor the consideration such interviews may have prompted suggests any basis for sanctions.

The interviews of government witnesses resulted in an FBI agent's preparation of reports. The reports were not completed until August 6, 2024. Government counsel received the reports on August 7, 2024. Within approximately one hour of receiving the reports, government counsel produced the reports to the defense. Nothing about the timing of this production suggests any basis for sanctions.

Norwood speculates, inconsistently, that the government either "falsified the claim of 'new evidence'" or "failed to share that evidence with" Norwood in a timely fashion (ECF 94 at 2). Clearly, not only was the government's disclosure timely, Norwood's unsupported assertion of either a falsified claim about the existence of that evidence or a failure to share the "evidence" is entirely baseless.[1] *See* Fed.R.Crim.P. 16(a)(2) (providing that with exceptions not applicable here, Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Although not required to do so under Rule 16, the government promptly produced the recently created reports connected to the Second Superseding Indictment. Norwood's motion has not established that the reports constitute

---

[1] In response to the government's production of the FD-302s referenced above, and before the government responded to the underlying motion, Norwood filed a supplement to his motion. ECF 97. Although Norwood's supplement mostly regurgitates the arguments of the underlying motion, it also alleges that Norwood has not received transcripts from the July 25, 2024 grand jury presentation "nor any of the videos specifically referenced by the [FD-302s]." *Id*. at 1. As to the former item, the government is not in possession of transcripts from the July 25th grand jury presentation at this time, but will produce them to Norwood as soon as they are available. As to the latter item, Norwood is already in possession of the videos referenced in the subject FD-302s.

discovery or evidence. Norwood's motion also fails to explain how the government would have been able to provide previously non-existent reports at an earlier time. Norwood may perceive evidence in this case differently from the prosecution, but he has also failed to demonstrate that his perspective establishes that the government has not been candid with this Court. His request for sanctions must fail.[2]

In addition to asserting baseless and unfounded claims about the government's handling of discovery in this matter, Norwood seeks extraordinary remedies to address his phantom harm. Specifically, the first requested sanction is a vague demand for "dismissal as a sanction under the Due Process Protections Act and Local Criminal Rule 5.1." ECF 94 at 2. Beyond asking for "dismissal," Norwood does not specify what he claims should be dismissed nor does he cite to a specific standard or case law to support the requested sanction.[3] Local Criminal Rule 5.1, which implements the Due Process Protections Act, does not list "dismissal" as an appropriate remedy

---

[2] Additionally, and as also noted in the government's opposition to Norwood's motion to dismiss the Second Superseding Indictment (ECF 93 at 6, footnote 4), Norwood did not contact the government to inquire about the purported missing evidence before filing his motion for sanctions. If he had, Norwood would have learned that the government was not yet in possession of the subject FD 302s, but had requested that they be generated on an expedited basis. This is Norwood's second breach of the first provision of this Court's Revised Scheduling Order. ECF 86 at 1. *See also* Local Criminal Rule 16.1 ("No discovery motion shall be heard unless it states that defense counsel has previously requested . . . the information sought from the attorney for the United States and that such attorney has not complied with the request"); *Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015) (a district court's local rules "have 'the force of law,' ", *quoting Hollingsworth v. Perry,* 558 U.S. 183, 191 (2010); *Bush v. Washington Metropolitan Transit Authority,* Civil Action No. 19-930 (JEB), 2020 WL 921419 at *2 (D.D.C. Feb. 26, 2020) ("Litigants before this Court are not only expected to follow its Local Rules, they are "duty bound" to do so) (internal citations omitted).

[3] Rule 5.1 concerns *Brady* disclosures. It is not clear that *Brady* even applies to pretrial proceedings that do not concern guilt or innocence. *See United States v. Bowie*, 198 F.3d 905, 912 (D.C. Cir. 1999) ("it is hardly clear that the *Brady* line of Supreme Court cases applies to suppression hearings. Suppression hearings do not determine a defendant's guilt or punishment, yet *Brady* rests on the idea that due process is violated when the withheld evidence is "material either to guilt or to punishment," 373 U.S. at 87, 83 S.Ct. 1194)). Here, Norwood *invokes Brady* in the context of a vindictive prosecution claim, which similarly does not determine a defendant's guilt or innocence.

and the motion does not explain how dismissal would be "just" under the circumstances of this case. Next, Norwood demands that this Court, should it decide not to "dismiss," suppress the evidence that Norwood incorrectly assumed was being withheld. *Id*. As discussed above, Norwood's entire basis for making these demands is fundamentally wrong and belied by the facts. It is also, however, a deeply flawed request as a matter of law.

A continuance is ordinarily the preferred sanction for discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure. *United States v. Marshall*, 132 F.3d 63, 70 (D.C. Cir. 1998). In contrast, suppression of evidence, which is one of Norwood's demands, is seldom appropriate where delay did not result from bad faith and a less drastic remedy will mitigate any unfair prejudice; moreover, suppression is "inappropriate" when it would subvert Rule 16's goal of contributing to an accurate determination of the issue of guilt or innocence. *United States v. Gray-Burriss*, 791 F.3d 50, 56 (D.C. Cir. 2015).

By way of brief example, in *United States v. Archbold-Manner*, 581 F. Supp. 2d 22 (D.D.C. 2008), the presiding judge's frustration with multiple and substantial delays with production of discovery resulted in a strong admonishment of the prosecution. Judge Lamberth had placed the government on a tight production timeline under the threat of sanction. *Id*. at 23-25. Even in these circumstances, however, the Court did not suppress evidence. Presented with an even more extreme scenario, which included the production of discovery during trial, the D.C. Circuit in *United States v. Marshall*, 132 F.3d 63 (D.C. Cir. 1998) found that "[t]he district court has wide discretion in imposing a sanction" and "should impose 'the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders.'" *Id*. at 69 (quoting *United States v. Sarcinelli,* 667 F.2d 5, 7 (5th Cir.1982)).

In contrast to the cases above discussing sanctions, here, the government has complied with the Court's standing discovery order (ECF 17) and produced FBI FD-302 reports, exceeding the

requirements of Rule 16. As noted above, the government produced previously non-existent reports generated as a result of trial preparation, which were prepared promptly and produced to Norwood roughly one hour after the reports were made available to prosecutors. Those reports are now in Norwood's possession and can be used for his trial preparation. These are not facts calling for any sanction, but even if they were, as Judge Lamberth noted in *Archbold-Manner*: "Ordinarily, a continuance is the preferred sanction for a discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure…Indeed, although the government's discovery disclosures were untimely, they were made in advance of trial and the defendants now have an opportunity to use the discovery in their defense." *Archbold-Manner*, at 25. Again, the government's production of reports generated during trial preparation was *timely* produced to Norwood and was made available nearly three weeks before trial. Additionally, and as the government made clear in its correspondence to Norwood's counsel when the Second Superseding Indictment was returned, the government is amenable to, and would not oppose, a continuance of the trial to allow Norwood time to review the evidence and prepare for trial.

Finally, with the filing of his motion for sanctions (ECF 94), as well as the supplement that was filed immediately after the government produced the above-referenced FD-302s (ECF 97), Norwood appears to be attempting to manufacture a venue in which to continue to argue and litigate the claims asserted in his motion to dismiss Count One of the Second Superseding Indictment (ECF 91). The government respectfully submits that the Court should disregard those efforts and dismiss this motion for sanctions because Norwood has failed to establish that the government's production of the reports was untimely or prejudicial to his preparation for trial.

## CONCLUSION

In summary, Norwood's motion fails to establish that any discovery violation occurred. Although he invokes this Court's Local Rules, it is Norwood, not the government, who has failed

5

to comply with those rules through failure to confer about discovery with the United States and failure to include any statement that he had done so in his motion. The circumstances of this case do not support sanctions, but even, solely for argument's sake, if they did, Norwood's motion does not offer adequate support for the extreme remedies he demands. He points to no authority supporting dismissal for a discovery violation, and fails to explain how suppression is consistent with the goals of Rule 16. For the reasons stated above, the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
District of Columbia
Bar No. 481052

By: /s/Joseph S. Smith, Jr
Joseph S. Smith, Jr.
Assistant United States Attorney
CA Bar No. 200108
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20001
(619) 546-8299
Joseph.s.smith@usdoj.gov

/s/Benjamin J. Smith
Benjamin J. Smith
Assistant United States Attorney
N.Y. Bar Number 5220637
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-304-0977 (c)
202-252-2428 (o)
Benjamin.smith4@usdoj.gov