UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | Criminal Case No: 21-CR-233 (CJN) |
| ) | |
| **WILLIAM ROBERT NORWOOD, III**, ) | Trial: Aug. 26, 2024 |
| ) | |
| Defendant.   ) | |

**Reply to Government's Opposition to Defendant's Motion for Sanctions**

In response to Defendant's Motion for Sanctions, the DOJ filed an Opposition which tacitly admits to the issues raised by the defense in ECF No. 91, 94, and 97.

**I. Absence of "New Evidence"**

The central issue in our Motion for Sanctions, ECF No. 94, is that the government does not possess "new evidence" on which to base a new criminal charge, contrary to what the Government claimed in its filing in ECF No. 93 at *11-16. In ECF No. 98, the DOJ states in Footnote 1 that "Norwood is already in possession of the videos referenced in the subject FD-302s." ECF No. 98 *2, n.1. This statement suggests that the DOJ believes there is no new evidence to disclose, directly contradicting its earlier claim. And, according to the DOJ and this same filing, the Government is compliant with its discovery obligations — indicating that the Government believes that there is no "new evidence" to turn over to the defense. This, of course, indicates that there is no "new evidence" on which the Civil Disorder charge was based, directly

contrary to the claims made in ECF No. 93 at *11-16. If the FD-302 reports do not articulate "new evidence" related to this case, and the videos referenced in the reports are not "new evidence," then there is no "new evidence" in existence. The logical deduction is that evidence of the acts on which Count One of the Second Superseding Indictment was based was *in possession of the parties for over three years*.

If Mr. Norwood and the Government have been in possession of the evidence on which the new Civil Disorder allegation is made for years, then Count One was not indicted based on "new evidence" discovered during trial preparations, after all. This implies that the Government's claims in ECF No. 93 at *11-16 are false. This also indicates that the defense was correct in its initial assessment that the argument by the DOJ in ECF No. 93 is misconduct in and of itself, and calls for sanctions. *See* ECF No. 94 at *1-2.

## II. Sanctions for Brady Violations

The Government questions whether dismissal is a proper sanction for a *Brady* violation. A *Brady* penalty would be appropriate only if the Government indeed had new evidence and did not disclose it in a timely manner.

In every case before the District Court for the District of Columbia, an order is issued that states:

> Pursuant to the Due Process Protections Act, the Court orders that all government counsel shall review their disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The **failure to comply could result in dismissal of the indictment** or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances.

(Emphasis added.)

The DOJ has been consistently cautioned for the last four years that "failure to comply [with the Due Process Protections Act] could result in dismissal of the indictment." If indeed the Government had new evidence that was not turned over to the defense, and the Government indicted a new charge based on that evidence four weeks prior to defendant's trial date and after the passage of the pretrial motions deadlines, even though his case had been pending before this court for three and a half years, then dismissal would be absolutely appropriate under the Due Process Protections Act as the Government would have engaged in gamesmanship with evidence and charges, and this egregious conduct would render the defense unable to put forward a complete defense at trial, directly violating the defendant's due process rights. But in Mr. Norwood's case, the Government is now implying in ECF No. 98 that there is no new evidence to turn over to the defense. Instead, the Government appears to be conceding that its defensive claims of "new evidence" in ECF No. 93 at *11-16 were false.

### III. Improper Use of Continuances

The DOJ then devoted a significant portion of its arguments in ECF No. 98 to claiming that a continuance is the appropriate remedy to alleviate the defendant's concerns. This is the gamesmanship tactic that the defendant laid out in ECF No. 91 at *5-6. The government is attempting to force a continuance over the Defendant's objection to one, as Mr. Norwood laid out in ECF No. 80. The defense believes that the DOJ should not be permitted to force trial continuances through acts of gamesmanship.

**IV. Conclusion**

The subsequent litigation has confirmed the defense's original argument in ECF No. 91 at *3-5: the Government did not have new evidence to support Count One of the Second Superseding Indictment. The indictment was based on long-possessed evidence, and presumptive vindictiveness applies due to Mr. Norwood's participation in the Supreme Court's *Fischer* proceedings.

The defense respectfully requests that this Court dismiss Count One of the Second Superseding Indictment on any or all grounds argued in ECF No. 91, 94, 97, and 99.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince St. | Ste 109
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on August 9, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.

