UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-CR-233 (CJN) |
| v. : | |
| : | |
| WILLIAM ROBERT NORWOOD, III, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR MODIFICATION OF PRETRIAL RELEASE**
**CONDITIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant William Norwood's motion for modification of his pretrial release conditions. ECF 101. This specific issue was presented to the Court, and the government, during a status hearing in this matter held on August 13, 2024. During that hearing, the defendant indicated that he would communicate with Pretrial Services and seek their position on modifying his pretrial release conditions. As noted in his motion, the defendant reached out to his pretrial supervision officer that same day. *Id*. at 2. The next day, August 14, 2024, the defendant informed the government that his pretrial supervision officer was on leave and unavailable that week. The government responded that same day and indicated to the defendant that it would wait for updates when the defendant was able to obtain Pretrial Services' position on potential modification.

The government did not receive any updates on this front from the defendant until the afternoon of August 22, 2024 (yesterday), at which time counsel for the defendant stated in an e-mail to the government that the defendant had not received an "official" response from Pretrial Services, but appeared to have received some form of "unofficial" indication from the pretrial services officer, communicated through the defendant himself, that the officer believed the Court

1

would issue an order removing ankle monitoring. The defendant then asserted that, based on this information, it was likely that the Court's position would be in alignment with the defendant's. The proposed elimination of ankle monitoring had not been previously discussed by the defendant and the government received no further information from the defendant as to Pretrial Services' position on modification, or even the specifics of the defendant's request for modification (beyond what was briefly discussed during the August 13th hearing noted above), until the filing of the instant motion on the morning of August 23, 2024.

Because the government has, as of this writing, received no indication from Pretrial Services as to their official position on the defendant's request for modification (beyond the defendant's relaying of his sense of his probation officer's sense of how the Court might rule), this motion is premature. Additionally, the government was not made aware of the specific elements of the defendant's request for modification until it received this motion. Therefore, the government has not had sufficient time or notice to determine Pretrial Services' position or formulate its own position on the request. As a result, the motion is premature and should either be denied or continued until the government has sufficient time to formulate a position on the issue.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    District of Columbia
    Bar No. 481052

By:    /s/Joseph S. Smith, Jr
    Joseph S. Smith, Jr.
    Assistant United States Attorney
    CA Bar No. 200108
    United States Attorney's Office
    District of Columbia
    601 D Street, N.W.
    Washington, D.C. 20001
    (619) 546-8299
    Joseph.s.smith@usdoj.gov

*/s/Benjamin J. Smith*
Benjamin J. Smith
Assistant United States Attorney
N.Y. Bar Number 5220637
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-304-0977 (c)
202-252-2428 (o)
Benjamin.smith4@usdoj.gov
