UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-233 (CJN) |
| v. | : | |
| | : | |
| WILLIAM ROBERT NORWOOD, III, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S FURTHER RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this further response to Defendant William Norwood's motion for modification of his pretrial release conditions. ECF 101. Rather than burden the Court with an additional recitation of the sequence of events that preceded this further response, the Government respectfully refers the Court to ECF 102, which provides a detailed summary of the development of this issue.

Since the filing of the Government's initial response, the parties have met and conferred with Pretrial Services Agency (PSA) representatives from both the District of Columbia and South Carolina (where the defendant currently resides). Based on these discussions, it is the Government's understanding both that the defendant has thus far complied with the conditions of his release and that the PSA does not take a position on either modifying or maintaining those conditions and defers to the Court.[1]

---

[1] It is the Government's understanding that this is a standard, or default, institutional position, which the PSA takes on all proposed modifications of release conditions. This position is not specific to Mr. Norwood.

1

**The Government Views the Defendant's Curfew as Reasonable and Not Overly Restrictive, but Respectfully Defers to the Court's Decision**

As noted in the underlying motion, ECF 101, the defendant has been placed under additional pretrial release conditions. This was a direct result of his post-charging conduct, and includes both a curfew and GPS monitoring. Specific to the curfew element of the defendant's pretrial release conditions, it is the Government's understanding that the defendant is under movement restrictions between the hours of 6:00 am and 2:00 pm. The curfew is designed to accommodate the defendant's work schedule, and he is allowed to travel to and from work, as well as other essential activities (e.g., grocery shopping and doctor's visits). If the defendant needs an exception to his curfew restrictions, he has to submit a request to his PSA contact 72 hours before the proposed curfew change. While the Government finds those restrictions very reasonable, and it appears as if the PSA has made substantial efforts to ease their impact on the defendant, the Government defers to the Court's preference on the issue of the defendant's curfew.

**Location Monitoring is Appropriate Given the Specific History of this Matter and is Not Overly Restrictive**

Specific to the GPS monitoring element of the defendant's pretrial restrictions, the Government maintains that location monitoring remains appropriate and also has very little impact on the defendant's day-to-day life. The defendant correctly notes in the underlying motion that additional pretrial release conditions have been imposed on him. However, as the defendant only glancingly acknowledges in the underlying motion, these additional restrictions were the direct result of his threatening conduct towards a potential material witness subsequent to being charged in this matter. *See*, *inter alia*, ECF 30. While the Government acknowledges that the defendant has thus far complied with his pretrial release conditions, including the condition that he not have

2

contact with the individual mentioned above,[2] it also seems reasonable to conclude that the defendant's compliance with those conditions has been, at least in some part, due to the location monitoring component of the conditions. Location monitoring functions as an effective accountability measure which, considering the specific history of this matter and the defendant's post-charging violations, remains valuable. Further, in the parties' conference call with the PSA we were informed that GPS location monitoring could be included as part of a curfew requirement, *and could also be included* in pretrial supervision as a stand-alone condition.

The defendant has not established—or even attempted to establish—how location monitoring functions as an onerous or oppressive element of his pretrial release conditions. In fact, the defendant's proposed justification for lifting the location monitoring condition is that it is "more restrictive than standard pretrial release conditions." ECF 101 at 1. The Government concedes this. Location monitoring is more restrictive than the standard pretrial release conditions for January 6 matters. But the defendant's post-charging conduct was in no way standard. His conduct warranted additional conditions. Moreover, location monitoring is a less restrictive means of ensuring that the defendant does not engage in additional violative conduct between now and the resolution of this matter. As the D.C. Circuit held in *Russell*, "GPS monitoring is not a 'greater deprivation of liberty than is reasonably necessary' to deter [the defendant and] protect the public.'" *United States v. Russell*, 45 F.4th 436, 440 (D.C. Cir. 2022). The outcome of this balancing analysis is especially straightforward here, where the matter will be resolved—either through plea or trial—in less than 60 days.

---

[2] When the Court released the defendant to home incarceration it specifically included, as a condition of pretrial release, that the defendant not have contact with that individual. ECF 52 at 2.

3

**Conclusion**

For these reasons, the Government respectfully requests that the Court leave the location monitoring condition in place until this matter is resolved. As noted above, while it respectfully defers to the Court on the issue of the defendant's curfew, the Government views said curfew as reasonable and not overly restrictive.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        District of Columbia
        Bar No. 481052

By:    */s/Joseph S. Smith, Jr*
        Joseph S. Smith, Jr.
        Assistant United States Attorney
        CA Bar No. 200108
        United States Attorney's Office
        District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20001
        (619) 546-8299
        Joseph.s.smith@usdoj.gov

        */s/Benjamin J. Smith*
        Benjamin J. Smith
        Assistant United States Attorney
        N.Y. Bar Number 5220637
        United States Attorney's Office
        District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        202-304-0977 (c)
        202-252-2428 (o)
        Benjamin.smith4@usdoj.gov