UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal Case No: 21-CR-233 (CJN) |
| ) | |
| WILLIAM ROBERT NORWOOD, III, ) | Trial: Oct. 29, 2024 |
| ) | |
| Defendant. ) | |

**Reply to ECF No. 106**

The defendant responds succinctly to the Government's position on modifying his pretrial release conditions as follows:

A. The Government correctly notes that the pretrial supervision office took "a standard, or default, institutional position, which the PSA takes on all proposed modifications of release conditions. This position is not specific to Mr. Norwood." This pretrial position that defers to the Court, the parties were told in a phone conference with DC Pretrial Services, is the default position of Pretrial Services for all January 6 defendants.

B. The Government does not seek a curfew restriction; this restriction on Mr. Norwood should be removed.

C. In order to maintain location monitoring for Mr. Norwood, the Government relies on a January 2022 pleading in which the Government just summarized the accusation of Mr. Norwood's estranged spouse, who also has a criminal conviction for making a false accusations against Mr. Norwood. Aside from the fact that Mr. Norwood had never

"threatened" his spouse, as the Government haphazardly alleges in ECF No. 106, the incident in question occurred *almost two year ago* and Mr. Norwood has been more than sufficiently punished and deterred for the conversation he had with her over the internet — which was in violation of a no-contact provision for government witnesses that was in his pretrial release conditions. There has been no new basis on which to hinge the continued *physical restriction* on Mr. Norwood. And, the Government has not explained how physical location monitoring solves a problem that was *not* one born of in-person contact.

D. If the Court seeks to impose a no-contact provision for Government witnesses in Mr. Norwood's pretrial release conditions, the Defense does not oppose, since this condition would not be unreasonable. This restriction is the one that covers the concerns the Government outlined in its brief that is actually supported by the record.

E. The Government makes no new arguments, and there exist no new arguments, for the continuation of the highly intrusive *physically-restrictive* pretrial release conditions on Mr. Norwood.

F. The Government states that the "defendant has not established—or even attempted to establish—how location monitoring functions as [] onerous or oppressive." Government control or supervision, by its nature, is onerous *and* oppressive, as well as restrictive and submissive — a subjugation of the type from which our Founding Fathers fortified relief. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, this court has very limited authority to order restrictive conditions of

pretrial release. *Id*. at 742. This court only has authority under 18 U.S.C. § 3142 to issue pretrial restrictions that are "least restrictive"; and, the Government has the burden to prove that the safety of a member of the community is jeopardized in order to seek such restrictions on a man's freedoms. The Government has not met this burden *at this time* even though this burden was deemed met in January of 2022.

G.  The only reason why Mr. Norwood's pretrial release conditions are extended in the first place is because the Government decided to bring a brand new felony charge, based on all original evidence, requiring defense preparation to the accusations in the weeks leading up to the trial. The Government's new charge is based on an officer moving out of the way of the crowd, unrelated to the specific individual actions of Mr. Norwood. This charge does not warrant the restriction of Government monitoring of Mr. Norwood's location.

H.  The default is freedom, not restriction, under the law. The Government has not articulated a basis within a temporal proximity to this pretrial motion to warrant the restrictions as legally permissible or reasonably warranted under 18 U.S.C. § 3142.

Respectfully submitted,

By Counsel:

_____/s/_____
MARINA MEDVIN, ESQ.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince St, Ste. 109
Alexandria, VA 22314

Tel:  888.886.4127
Email: contact@medvinlaw.com

### **CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on September 8, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.